1  David J. Dow, Bar No. 179407
   ddow@littler.com
2  Jocelyn D. Hannah, Bar No. 224666
   jhannah@littler.com
3  Amanda Fleming, Bar No. 344927
   afleming@littler.com
4  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
5  San Diego, California  92101.3577
   Telephone:  619.232.0441
6  Fax No.:     619.232.4302

7  Attorneys for Defendants
   FIRST STUDENT MANAGEMENT, LLC
8  AND FIRST STUDENT, INC.

9

                    UNITED STATES DISTRICT COURT
10
                    CENTRAL DISTRICT OF CALIFORNIA
11

12
   MARIA GUARDADO, individually,          Case No. _2:22-cv-08699_
13 and on behalf of other members of the
   general public similarly situated,     (Removed from Los Angeles Superior
14                                         Court, Case No. 22STCV33722)
                    Plaintiff,
15                                         **DEFENDANT'S NOTICE TO**
        v.                                 **FEDERAL COURT OF**
16                                         **REMOVAL OF CIVIL ACTION**
   FIRST STUDENT MANAGEMENT,               **PURSUANT TO 28 U.S.C. §§ 1332,**
17 LLC, a Delaware limited liability       **1441, AND 1446**
   company; FIRST STUDENT, INC., a
18 Delaware corporation; and DOES 1       Complaint Filed:  October 17, 2022
   through 100, inclusive,
19
                    Defendants.
20

21

22

23

24

25

26

27

28

LITTLER MENDELSON,
P.C.
501 W. Broadway, Suite
900
San Diego, CA
92101.3577
619.232.0441

4883-5961-2223.3 / 070991-1202

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

1    **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO**

2    **PLAINTIFF AND HER ATTORNEYS OF RECORD:**

3        PLEASE TAKE NOTICE that Defendants First Student Management, LLC

4    and First Student, Inc. ("Defendants") hereby file this Notice of Removal in

5    accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and remove this action from the

6    Superior Court for the State of California, in and for the County of Los Angeles, to

7    the United States District Court for the Central District of California. A true and

8    correct copy of this Notice will be filed contemporaneously with the Clerk of the

9    Superior Court for the State of California, County of Los Angeles, and notice of the

10   removal will be provided to counsel for Plaintiff in accordance with 28 U.S.C. §

11   1446(d). Defendants make the following allegations in support of their Notice of

12   Removal:

13   **I.    JURISDICTION [LOCAL RULE 8-1]**

14       1.    This Court has original jurisdiction over this action pursuant to the Class Action

15   Fairness Act of 2005 ("CAFA"), which vests the United States District Courts with

16   original jurisdiction of any civil action: (a) that is a class action with a putative class of more

17   than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state

18   different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000,

19   exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such

20   actions in accordance with 28 U.S.C. section 1446. As set forth below, this case meets all of

21   CAFA's requirements for removal and is timely and properly removed by the filing of this Notice

22   of Removal.

23   **II.    VENUE**

24       2.    Plaintiff originally brought this action in the Superior Court of the State

25   of California, County of Los Angeles. Therefore, venue lies in the Central District of

26   California pursuant to 28 U.S.C. sections 84(a), 1441(a), and 1446(a).

27   / / /

28   / / /

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

2                    NOTICE TO FEDERAL COURT OF
                     REMOVAL OF CIVIL ACTION

## III.  **PLEADINGS, PROCESSES, AND ORDERS**

3.   On October 17, 2022, Plaintiff filed an unverified Class Action Complaint against Defendants in the Los Angeles County Superior Court entitled *MARIA GUARDADO, individually, and on behalf of other members of the general public similarly situated, Plaintiffs, v. FIRST STUDENT MANAGEMENT, LLC, a Delaware limited liability company; FIRST STUDENT, INC., a Delaware corporation., Defendants*, designated as Case No. 22STCV33722 (the "Complaint").

4.   The Complaint asserts the following causes of action: (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); (6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); (7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); (8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records); (9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); and (10) Violation of California Business & Professions Code §§ 17200, et seq.  The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

5.   On October 31, 2022, Defendants were served a copy of: (a) a Summons; (b) the Complaint; (c) a Civil Case Cover Sheet; (d) Civil Case Cover Sheet Addendum and Statement of Location; (e) Peremptory Challenge to Judicial Officer;  (f) Order Pursuant to CCP 1054(a), Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation; (g) an Alternative Dispute Resolution (ADR) Information Packet; (h) First Amended General Order; (i)

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

3

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

1  Notice of Case Assignment, through Defendants' registered agent for service of
2  process, C T Corporation System.

3        6.      Attached hereto as **Exhibit A** is a true and correct copy of the Complaint
4  filed in the Los Angeles County Superior Court and served by Plaintiff through C T
5  Corporation System.

6        7.      Attached hereto as **Exhibit B** are true and correct copies of the (a) a
7  Summons; (b) a Civil Case Cover Sheet; (c) Civil Case Cover Sheet Addendum and
8  Statement of Location; (d) Peremptory Challenge to Judicial Officer;  (e) Order
9  Pursuant to CCP 1054(a), Extending Time to Respond by 30 Days When Parties
10 Agree to Early Organizational Meeting Stipulation; (f) an Alternative Dispute
11 Resolution (ADR) Information Packet; (g) First Amended General Order, (h) Notice
12 of Case Management Conference (i) Court Order re Case Reassignment dated
13 October 24, 2022, (i) Court Order re Initial Status Conference dated October 27,
14 2022, through Defendants' registered agent for service of process, C T Corporation
15 System.

16       8.      On November 30, 2022, Defendants filed and served an Answer to
17 Plaintiff's Complaint in the Los Angeles County Superior Court.  Attached hereto as
18 **Exhibit C** is a true and correct copy of Defendants' Answer.

19       9.      To Defendants' knowledge, no further process, pleadings, or orders
20 related to this case have been filed in the Los Angeles County Superior Court or
21 served by any party other than as described above.  To Defendants' knowledge, no
22 proceedings related hereto have been heard in the Los Angeles County Superior
23 Court.

24 **IV.    <u>TIMELINESS OF REMOVAL</u>**

25       10.     An action may be removed from state court by filing a notice of removal
26 – together with a copy of all process, pleadings, and orders served on the defendant
27 – within thirty days of defendant receiving service of the initial pleading.  28 U.S.C.
28 § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354

LITTLER MENDELSON,
P.C.
Attorneys at Law
501 W. Broadway, Suite
900
San Diego, CA
92101.3577
619.232.0441

4

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

(1999) (the thirty-day removal period runs from the service of the summons and complaint).

11. Removal of this action is timely because this Notice of Removal has been filed within thirty days of October 31, 2022, when Defendants were served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b). Because Plaintiff personally served the Summons and Complaint upon Defendants' agent for service of process on October 31, 2022, the thirty-day period for removal runs through November 30, 2022. Fed. R. Civ. P. 6. As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on Defendants. (*See* Exhibits A-C.)

## V. <u>CAFA JURISDICTION</u>

12. CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where there are at least 100 putative class members, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446. As set forth below, this case meets each CAFA requirement for removal, and is properly removed by the filing of this Notice of Removal.

### A. **This is a Class Action.**

13. Plaintiff filed this action as a class action. (Complaint, ¶¶ 1, 13-17.)

### B. **The Proposed Class Contains At Least 100 Members.**

14. The provisions of CAFA apply to proposed class actions involving 100 individuals or more. *See* 28 U.S.C. § 1332(d)(5)(B). This requirement is met in this case.

15. Plaintiff brings her lawsuit on behalf of herself and "all other members of the general public similarly situated," and defines the class as "All current and former hourly-paid or non-exempt employees who worked for any of the Defendants

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

5

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1  within the State of California at any time during the period from four years preceding

2  the filing of this Complaint to final judgment and who reside in California."

3  (Complaint, ¶¶ 13-14.)

4      16.    Defendant First Student, Inc. employed approximately 4,985 persons in

5  the non-exempt position of Driver alone, which was the position held by Plaintiff, in

6  the State of California from October 17, 2018 to September 1, 2022.[1] Thus, CAFA's

7  requirement that the action involve 100 or more individuals is satisfied.

8      **C.    Defendant Is Not a Governmental Entity.**

9      17.    CAFA does not apply to class actions where "primary defendants are

10 States, State officials, or other governmental entities against whom the district court

11 may be foreclosed from ordering relief."  28 U.S.C. § 1332(d)(5)(A).

12     18.    Defendants First Student Management, LLC and First Student, Inc. are

13 a limited liability company and a corporation, respectively; thus, Defendants are not

14 a state, state official, or other government entity exempt from CAFA.

15     **D.    There Is Diversity Between At Least One Putative Class Member**

16         **and Defendants.**

17     19.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when

18 "any member of a class of plaintiffs is a citizen of a State different from any

19 defendant."   28 U.S.C. §§ 1332(d)(2)(A), 1453(b).   In a class action, only the

20 citizenship of the named parties is considered for diversity purposes and not the

21 citizenship of the unnamed putative class members.  *Snyder v. Harris*, 394 U.S. 332,

22 339-40 (1969).   Additionally, for removal purposes, diversity must exist both at the

23 time the action is commenced in state court and at the time removal is effected.

24 *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

25 Minimal diversity of citizenship exists here because Plaintiff is a citizen of a different

26 state than Defendants.

27

28

---

[1] September 1, 2022 is the most recent employee and pay data pulled by Defendants.
Thus, the numbers provided here are in fact understated.

LITTLER MENDELSON,
P.C.
Attorneys at Law
501 W. Broadway, Suite
900
San Diego, CA
92101.3577
619.232.0441

6

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

20.     For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain).  Furthermore, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship.  *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Overholt v. Airista Flow Inc.*, No. 17cv1337-MMA (AGS), 2018 U.S. Dist. LEXIS 4705, at *10-11 (S.D. Cal. Jan. 10, 2018) (citations omitted).

21.     Here, at the time Plaintiff commenced this action and at the time of removal, Plaintiff resided in the State of California, and thus was both domiciled in the State of California and was a citizen of the State of California.  (*See* Complaint, ¶ 5 ["Plaintiff MARIA GUARDADO is an individual residing in the State of California."].)

22.     For diversity purposes, a corporation "shall be deemed a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(l). Defendant First Student, Inc. is incorporated under the laws of the State of Delaware and pursuant to 28 U.S.C. section 1332(c)(1), is therefore a citizen of the State of Delaware.).

23.     Defendant First Student, Inc. is also a citizen of the State of Ohio because a corporation is deemed to be a citizen of the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  As clarified by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), Section 1332(c)(1)'s use of "the phrase 'principal place of business' refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

7

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

center." *Id.* at 80-81.  Except in unusual circumstances, a corporation's corporate headquarters is its nerve center.  *Id.* at 93-94.

24.    Defendant First Student, Inc. has its corporate headquarters at 600 Vine Street, Cincinnati, Ohio. A majority of Defendant First Student, Inc.'s corporate decisions, including operational, executive, administrative, and policymaking decisions, are made from its Cincinnati, Ohio headquarters.  Defendant First Student, Inc.'s management and administrative functions are located in Cincinnati, Ohio, including human resources, finance, treasury, legal, payroll, and safety.  Defendant First Student, Inc.'s "nerve center" and, thus, its principal place of business, is located in Cincinnati, Ohio.  *See Hertz*, 559 U.S. at 92-93.

25.    Accordingly, for purposes of diversity jurisdiction, Defendant First Student, Inc. is a citizen of the States of Delaware and Ohio, and not a citizen of the State of California.

26.    "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  At the time Plaintiff's Complaint was filed, and also as of the time of this Removal, Defendant First Student Management, LLC's sole member is First Student, Inc.  Thus, Defendant First Student Management, LLC is also a citizen of the States of Delaware and Ohio, and not a citizen of the State of California.

27.    Accordingly, the named Plaintiff is a citizen of a State (California) different from Defendants First Student, Inc. and First Student Management, LLC (Delaware and Ohio), and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E.    The Amount in Controversy Exceeds $5,000,000.**

28.    The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*,

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

8

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

574 U.S. 81 (2014), the Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 87-88.

29.    For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on her claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.")). The ultimate inquiry is the amount that is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

30.    Defendants "may make mathematical calculations using reasonable averages of, for example, hourly, monthly, and annual incomes of comparable employees when assessing the amount-in-controversy." *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 U.S. Dist. LEXIS 76351, at *6 (C.D. Cal. May 30, 2014) (citing *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148-49 (C.D. Cal. 2010)).

31.    In addition, defendants may assume violation rates of 100% in calculating the amount in controversy when, as here, the complaint does not allege a

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

9

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

more precise calculation.  *See, e.g.*, *Ritenour v. Carrington Mortgage Servs. LLC*, 228 F. Supp. 3d 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate."); *Thomas v. Aetna Health of Cal., Inc.*, No. 1:10-cv-01906-AWI-SKO, 2011 U.S. Dist. LEXIS 59377, at *64 (E.D. Cal. June 2, 2011); *Navarro v. Servisair, LLC*, No. C 08-02716 MHP, 2008 U.S. Dist. LEXIS 62513, at *21-23 (N.D. Cal. Aug. 14, 2008); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 U.S. Dist. LEXIS 31515, at *8 (E.D. Cal. May 1, 2007) (a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages." (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).  These courts recognize "that imposing overly stringent requirements on a defendant to proving the amount in controversy would run the risk of essentially asking defendants to prove the plaintiffs' case." *Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC, 2013 U.S. Dist. LEXIS 84236, at *13 (N.D. Cal. June 14, 2013).

32.    A defendant is thus not obligated "to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz*, 2007 U.S. Dist. LEXIS 31515, at *8 (citing *McGraw*, 863 F. Supp. 2d at 434); *see also Jones v. Tween Brands, Inc.*, No. 2:14-CV-1631-ODW (PLAx), 2014 U.S. Dist. LEXIS 56003, at *5-6 (C.D. Cal. Apr. 22, 2014) (finding defendant did not need to provide payroll data to support removal because defendant "is not required to meet such a high burden.") (citing *Muniz*, *supra*, 2007 U.S. Dist. LEXIS 31515, at *15); *Thomas*, *supra*, 2011 U.S. Dist. LEXIS 59377, at *64 ("[R]equiring Defendants to forecast an exact violation rate would essentially force a removing defendant to prove the plaintiff's case." (citing *Muniz*, 2007 U.S. Dist. LEXIS 31515, at *15)).

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

10

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

33.     Defendants deny the validity and merit of the entirety of Plaintiff's claims, the legal theories upon which they are ostensibly based, and the claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the allegations of Plaintiff's Complaint establish that the amount in controversy exceeds CAFA's jurisdictional minimum of $5,000,000.

34.     When, as here, the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. *Dart*, *supra*, 574 U.S. at 83. Defendants' Notice of Removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "need not contain evidentiary submission." *Id.* at 84, 89.

### i.     Rest Period Violations

35.     Defendants are entitled to base their calculations, for purposes of calculating the amount in controversy, on the argument and allegations by Plaintiff in her Third Cause of Action alleging failure to provide rest periods. (Complaint, ¶¶ 68-76.) Plaintiff alleges, "During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods." (Complaint, ¶ 73; *see also* Complaint, ¶ 76 ("Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided").)

36.     Between October 17, 2018 and September 1, 2022, Defendants' bus drivers worked approximately 1,500,000 shifts of over 3.5 hours, entitling them to at least one rest break. The average rate of pay for the drivers who worked these shifts was at least $22.00 per hour.

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

11

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

37.     Plaintiff's allegations are broad enough to support an amount in controversy calculation based on *all* eligible shifts.  However, assuming a violation rate of 20%, or one rest break violation per employee per week, the *minimum* amount in controversy for Plaintiff's rest break claim is **$6,600,000.00** ($22.00 per hour X 300,000 shifts = $6,600,000.00).   This amount alone is sufficient to satisfy the amount in controversy requirement.

### ii.    Wage Statement Claim

38.     Defendants are also entitled to base their calculations, for purposes of calculating the amount in controversy, on the argument and allegations by Plaintiff in her Seventh Cause of Action alleging failure to provide accurate wage statements. Plaintiff alleges, "Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members."   (Complaint, ¶ 97.) Plaintiff seeks on behalf of herself and the putative class members the recovery of penalties pursuant to California Labor Code section 226(a) "the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee." (Complaint, ¶ 100.)

39.     Given Plaintiff's allegation of all non-exempt employees not receiving rest or meal periods, not being paid minimum wages, or not receiving overtime, it is reasonable to assume, as Plaintiff alleges and under Plaintiff's theories, each wage statement issued to putative class members during the relevant period of time allegedly failed to include the gross wages earned, the net wages earned, all applicable hourly rates, and the earnings at each rate.  *See Duberry v. J. Crew Grp., Inc.*, No. 2:14-cv-08810-SVW-MRW, 2015 WL 4575018, at *6-7 (C.D. Cal. July 28, 2015) (finding it reasonable to apply a 100% violation rate as to the inaccurate wage

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

12

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1    statement claim); *Korn*, 536 F. Supp. 2d at 1204 (courts may consider maximum
2    penalty in calculating amount in controversy for wage statement claim).

3    40.    Plaintiff's wage statement claim is subject to a one-year statute of
4    limitations. *See Blackwell v. SkyWest Airlines, Inc*., 245 F.R.D. 453, 462 (S.D. Cal.
5    2007) (recovery under Section 226(a) constitutes a penalty and therefore is governed
6    by a one-year statute of limitations under California Code of Civil Procedure §
7    340(a)). During the period of one year prior to the filing of the Complaint on October
8    17, 2022 (reflecting the one-year statutory period for a wage statement claim),
9    Defendants issued *at least* 60,505 wage statements to 2,788 drivers in California.
10    Accordingly, an estimate of Plaintiff's claim for Section 226 penalties results in an
11    amount in controversy for the statutory time period of **$5,911,00.00** ([$50 X 2,788
12    initial violations = $139,400] + [$100 X 57,717 subsequent violations = $5,771,700]
13    = $5,911,100.00).

14    ### iii.    Waiting Time Penalty Claim

15    41.    Defendants are also entitled to base their calculations, for purposes of
16    calculating the amount in controversy, on the argument and allegations by Plaintiff
17    in her Fifth Cause of Action alleging failure to timely pay all final wages. Plaintiff
18    alleges that "During the relevant time period, Defendants intentionally and willfully
19    failed to pay Plaintiff and the other class members who are no longer employed by
20    Defendants their wages, earned and unpaid, within seventy-two (72) hours of their
21    leaving Defendants' employ." (Complaint, ¶ 85.) Given Plaintiff's "kitchen-sink"
22    allegations regarding failure to provide rest and meal period penalties, failure to pay
23    minimum wages, and failure to pay overtime, it is reasonable to assume a 100%
24    violation rate on the waiting time penalty claim.

25    42.    Penalties under California Labor Code section 203(a) are calculated at
26    an employee's final daily rate of pay (*i.e.*, the employee's final wage rate times the
27    employee's average shift length) times the number of days of waiting time penalties
28    (up to 30 days). *See Mamika v. Barca*, 68 Cal. App. 4th 487, 491-93 (1998); see also

LITTLER MENDELSON,
P.C.
Attorneys at Law
501 W. Broadway, Suite
900
San Diego, CA
92101.3577
619.232.0441

13

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

Complaint, ¶ 55 ["Plaintiffs and the Class members who no longer work for Defendant each seek statutory damages measured by 30 days-worth of wages under Labor Code § 203(a)."]   It therefore is reasonable to assume – for purposes of calculating the amount in controversy only – that none of the terminated putative class members were paid all of their wages owed upon termination.  Taking the allegations in the Complaint as true, each of these employees is entitled to 30 days' wages in waiting time penalties under California Labor Code section 203.  *See* CAL. LAB. CODE § 203; *Giannini v. Northwestern Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. April 20, 2012) ("Defendants can properly assume that all members of the former employee subclass were entitled to maximum waiting time penalties under Labor Code section 203."); *Wilson v. Best Buy Co., Inc.*, No. 2:10-cv-3136-GEB-KJN, 2011 WL 445848, at *2 (E.D. Cal. Feb. 8, 2011) (finding defendant provided plausible evidence to support all former employees were entitled to thirty days of penalties based on allegation that plaintiff and class members did not receive their wages within 72 hours of termination); *Korn*, 536 F. Supp. 2d at 1206 n.4 (applying full 30 days' worth of wages for Section 203 penalties because plaintiff "cannot avoid satisfaction of the amount in controversy by arguing that the class plaintiffs may be awarded less than the statutory maximum.").

43.    The statute of limitations on a claim for waiting time penalties is three years.  *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395 (2010) ("[N]o one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages.").

44.    During the period of October 17, 2019 to September 28, 2022, approximately 2,261 individuals employed by Defendants as drivers in California had their employment terminated.  Defendants further allege that the average final hourly rate for these terminated employees was at least $20.00 per hour.  Accordingly, the amount in controversy at issue for Plaintiff's claim for waiting time

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

14

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1    penalties is **$8,139,600.00** (2,261 former putative class members X $20.00 average

2    final hourly rate X 6 hours per day X 30 days = $8,139,600.00).

3              **iv.    The Aggregate Amount in Controversy Exceeds**

4              **$5,000,000**

5        45.    As set forth above, CAFA's amount in controversy requirement is

6    satisfied separately by each of the claims for rest break, wage statements and waiting

7    time penalties.  That is, the amount in controversy on each of those claims exceeds

8    the $5,000,000 minimum, and when combined are well in excess of $5,000,000.

9        46.    Defendants' amount in controversy calculation does not take into

10    account any additional amount placed in controversy due to Plaintiff's First Cause of

11    Action for alleged failure to pay overtime, Second Cause of Action for alleged failure

12    to provide meal periods, Fourth Cause of Action for alleged failure to pay minimum

13    wages,  Sixth Cause of Action for alleged failure to timely pay wages during

14    employment, Eighth Cause of Action for alleged failure to maintain accurate payroll

15    records, Ninth Cause of Action for alleged failure to reimburse business expenses,

16    Tenth Cause of Action for alleged unfair business practices, or Plaintiff's claim for

17    attorneys' fees.  Each of these claims serve to further increase the amount in

18    controversy above the jurisdictional minimum.

19        47.    Even without including many of Plaintiff's claims in the valuation,

20    Plaintiff's rest period, wage statement, and failure to timely pay wages at separation

21    claims place more than $5,000,000 in controversy.  Removal of this action is

22    therefore proper as the aggregate value of Plaintiff's class claims for statutory

23    damages, statutory penalties, and attorneys' fees is well in excess of the CAFA

24    jurisdictional requirement of $5,000,000.  *See* 28 U.S.C. § 1332(d)(2).

25        48.    In light of the above, there is no question that Plaintiff's claims exceed

26    the jurisdictional minimum.  Accordingly, the "amount in controversy" requirement

27    under CAFA is satisfied in this case.

28    / / /

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

15

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

## VI.    NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

49.    Contemporaneously with the filing of this Notice of Removal, Defendants are filing a Notice to State Court and All Adverse Parties of Removal of Civil Action to Federal Court with the Clerk of the Superior Court of the State of California, County of Los Angeles, attaching a copy of this Notice of Removal and all its Exhibits.  *See* 28 U.S.C. § 1446(d).

50.    This Notice of Removal and the Notice to State Court and All Adverse Parties of Removal of Civil Action to Federal Court have also been served this day via email and first-class mail upon Plaintiff's counsel of record: Edwin Aiwazian, Lawyers for Justice, PC, 410 West Arden Avenue, Suite 203, Glendale, CA 912032.

51.    Defendants reserve all defenses, including defenses as to sufficiency of service of process, personal jurisdiction, and arbitration.

WHEREFORE, Defendants respectfully request that the Complaint be removed and hereinafter proceed in the United States District Court for the Central District of California.

Dated:         November 30, 2022

LITTLER MENDELSON, P.C.


*s/Jocelyn D. Hannah*
David J. Dow
Jocelyn D. Hannah
Amanda Fleming

Attorneys for Defendants
FIRST STUDENT MANAGEMENT, LLC AND FIRST STUDENT, INC.

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

16    NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

22STCV33722

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Maren Nelson
Electronically FILED by Superior Court of California, County of Los Angeles on 10/17/2022 05:52 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

Edwin Aiwazian (SBN 232943)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARIA GUARDADO, individually, and on behalf of other members of the general public similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> FIRST STUDENT MANAGEMENT, LLC, a Delaware limited liability company; FIRST STUDENT, INC., a Delaware corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: 22STCV33722 <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES** <br><br> (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); <br> (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); <br> (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); <br> (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); <br> (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); <br> (6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); <br> (7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); <br> (8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records); <br> (9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); <br> (10) Violation of California Business & Professions Code §§ 17200, et seq. <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff MARIA GUARDADO ("Plaintiff"), individually, and on
behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1.      This class action is brought pursuant to the California Code of Civil Procedure
section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal
jurisdiction limits of the Superior Court and will be established according to proof at trial. The
"amount in controversy" for the named Plaintiff, including but not limited to claims for
compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of
attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2.      This Court has jurisdiction over this action pursuant to the California
Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all
other causes" except those given by statute to other courts. The statutes under which this
action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over Defendants because, upon information and
belief, Defendants are citizens of California, have sufficient minimum contacts in California,
or otherwise intentionally avail themselves of the California market so as to render the exercise
of jurisdiction over them by California courts consistent with traditional notions of fair play
and substantial justice.

4.      Venue is proper in this Court because, upon information and belief, Defendants
maintain offices, have agents, employ individuals, and/or transact business in the State of
California, County of Los Angeles. The majority of acts and omissions alleged herein relating to
Plaintiff and the other class members took place in the State of California, including the County
of Los Angeles.

## PARTIES

5.      Plaintiff MARIA GUARDADO is an individual residing in the State of
California.

///

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

6.      Defendant FIRST STUDENT MANAGEMENT, LLC, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Los Angeles.

7.      Defendant FIRST STUDENT, INC., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Los Angeles.

8.      At all relevant times, Defendant FIRST STUDENT MANAGEMENT, LLC and Defendant FIRST STUDENT, INC. were the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

9.      At all times herein relevant, Defendants FIRST STUDENT MANAGEMENT, LLC, FIRST STUDENT, INC., and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

10.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

11.     Defendant FIRST STUDENT MANAGEMENT, LLC, FIRST STUDENT, INC., and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

12.    Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

13.    Plaintiff bring this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

14.    The proposed class is defined as follows:

All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment and who reside in California.

15.    Plaintiff reserves the right to establish subclasses as appropriate.

16.    The class is ascertainable and there is a well-defined community of interest in the litigation:

a.    Numerosity: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.    Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

c.    Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

interest that is antagonistic to the other class members.  Plaintiff's

attorneys, the proposed class counsel, are versed in the rules governing

class action discovery, certification, and settlement.  Plaintiff has

incurred, and during the pendency of this action will continue to incur,

costs and attorneys' fees, that have been, are, and will be necessarily

expended for the prosecution of this action for the substantial benefit of

each class member.

    d.    <u>Superiority</u>: A class action is superior to other available methods for the

fair and efficient adjudication of this litigation because individual joinder

of all class members is impractical.

    e.    <u>Public Policy Considerations</u>: Certification of this lawsuit as a class

action will advance public policy objectives.  Employers of this great

state violate employment and labor laws every day.  Current employees

are often afraid to assert their rights out of fear of direct or indirect

retaliation.  However, class actions provide the class members who are

not named in the complaint anonymity that allows for the vindication of

their rights.

    17.    There are common questions of law and fact as to the class members that

predominate over questions affecting only individual members.  The following common

questions of law or fact, among others, exist as to the members of the class:

    a.    Whether Defendants' failure to pay wages, without abatement or

reduction, in accordance with the California Labor Code, was willful;

    b.    Whether Defendants' had a corporate policy and practice of failing to

pay their hourly-paid or non-exempt employees within the State of

California for all hours worked and missed (short, late, interrupted,

and/or missed altogether) meal periods and rest breaks in violation of

California law;

///

c.  Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.  Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.  Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.  Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.  Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.  Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.  Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.  Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.  Whether Defendants' conduct was willful or reckless;

l.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.  Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

6

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## GENERAL ALLEGATIONS

18.     At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Los Angeles.

19.     Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately October 2021 to approximately April 2022, in the State of California, County of Los Angeles.

20.     Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

21.     Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

22.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

23.     Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

24.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

25.     Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

///

7

27.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

28.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages.

///

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  and meal and rest period premiums, and they did not, in fact, receive all such wages owed to

2  them at the time of their discharge or resignation.

3      33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

4  knew or should have known that Plaintiff and the other class members were entitled to receive

5  all wages owed to them during their employment.  Plaintiff and the other class members did

6  not receive payment of all wages, including overtime and minimum wages and meal and rest

7  period premiums, within any time permissible under California Labor Code section 204.

8      34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

9  knew or should have known that Plaintiff and the other class members were entitled to receive

10  complete and accurate wage statements in accordance with California law, but, in fact, they did

11  not receive complete and accurate wage statements from Defendants.  The deficiencies

12  included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the

13  other class members.

14      35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

15  knew or should have known that Defendants had to keep complete and accurate payroll records

16  for Plaintiff and the other class members in accordance with California law, but, in fact, did

17  not keep complete and accurate payroll records.

18      36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

19  knew or should have known that Plaintiff and the other class members were entitled to

20  reimbursement for necessary business-related expenses.

21      37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

22  knew or should have known that they had a duty to compensate Plaintiff and the other class

23  members pursuant to California law, and that Defendants had the financial ability to pay such

24  compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

25  represented to Plaintiff and the other class members that they were properly denied wages, all

26  in order to increase Defendants' profits.

27      38.    During the relevant time period, Defendants failed to pay overtime wages to

28  Plaintiff and the other class members for all overtime hours worked.  Plaintiff and the other

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

1  class members were required to work more than eight (8) hours per day and/or forty (40) hours

2  per week without overtime compensation for all overtime hours worked.

3      39.    During the relevant time period, Defendants failed to provide all requisite

4  uninterrupted meal and rest periods to Plaintiff and the other class members.

5      40.    During the relevant time period, Defendants failed to pay Plaintiff and the other

6  class members at least minimum wages for all hours worked.

7      41.    During the relevant time period, Defendants failed to pay Plaintiff and the other

8  class members all wages owed to them upon discharge or resignation.

9      42.    During the relevant time period, Defendants failed to pay Plaintiff and the other

10  class members all wages within any time permissible under California law, including, *inter*

11  *alia*, California Labor Code section 204.

12      43.    During the relevant time period, Defendants failed to provide complete or

13  accurate wage statements to Plaintiff and the other class members.

14      44.    During the relevant time period, Defendants failed to keep complete or accurate

15  payroll records for Plaintiff and the other class members.

16      45.    During the relevant time period, Defendants failed to reimburse Plaintiff and the

17  other class members for all necessary business-related expenses and costs.

18      46.    During the relevant time period, Defendants failed to properly compensate

19  Plaintiff and the other class members pursuant to California law in order to increase

20  Defendants' profits.

21      47.    California Labor Code section 218 states that nothing in Article 1 of the Labor

22  Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty

23  due to him [or her] under this article."

24  ///

25  ///

26  ///

27  ///

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against FIRST STUDENT MANAGEMENT, LLC, FIRST STUDENT, INC.,**

**and DOES 1 through 100)**

48.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 47, and each and every part thereof with the same force and effect as though fully set forth herein.

49.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

50.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

51.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

52.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

53.    During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

54. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

55. Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

56. Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against FIRST STUDENT MANAGEMENT, LLC, FIRST STUDENT, INC., and DOES 1 through 100)

57. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 56, and each and every part thereof with the same force and effect as though fully set forth herein.

58. At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

59. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

60. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

///

1    61.    At all relevant times, the applicable IWC Wage Order and California Labor

2  Code section 512(a) further provide that an employer may not require, cause or permit an

3  employee to work for a work period of more than ten (10) hours per day without providing the

4  employee with a second uninterrupted meal period of not less than thirty (30) minutes, except

5  that if the total hours worked is no more than twelve (12) hours, the second meal period may

6  be waived by mutual consent of the employer and the employee only if the first meal period

7  was not waived.

8    62.    During the relevant time period, Plaintiff and the other class members who were

9  scheduled to work for a period of time no longer than six (6) hours, and who did not waive

10  their legally-mandated meal periods by mutual consent, were required to work for periods

11  longer than five (5) hours without an uninterrupted meal period of not less than thirty (30)

12  minutes and/or rest period.

13    63.    During the relevant time period, Plaintiff and the other class members who were

14  scheduled to work for a period of time in excess of six (6) hours were required to work for

15  periods longer than five (5) hours without an uninterrupted meal period of not less than thirty

16  (30) minutes and/or rest period.

17    64.    During the relevant time period, Defendants intentionally and willfully required

18  Plaintiff and the other class members to work during meal periods and failed to compensate

19  Plaintiff and the other class members the full meal period premium for work performed during

20  meal periods.

21    65.    During the relevant time period, Defendants failed to pay Plaintiff and the other

22  class members the full meal period premium due pursuant to California Labor Code section

23  226.7.

24    66.    Defendants' conduct violates applicable IWC Wage Order and California Labor

25  Code sections 226.7 and 512(a).

26    67.    Pursuant to applicable IWC Wage Order and California Labor Code section

27  226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one

28  ///

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  additional hour of pay at the employee's regular rate of compensation for each work day that
2  the meal or rest period is not provided.

3  **THIRD CAUSE OF ACTION**

4  **(Violation of California Labor Code § 226.7)**

5  **(Against FIRST STUDENT MANAGEMENT, LLC, FIRST STUDENT, INC.,**

6  **and DOES 1 through 100)**

7  68.    Plaintiff incorporates by reference the allegations contained in paragraphs 1
8  through 67, and each and every part thereof with the same force and effect as though fully set
9  forth herein.

10  69.    At all times herein set forth, the applicable IWC Wage Order and California
11  Labor Code section 226.7 were applicable to Plaintiff's and the other class members'
12  employment by Defendants.

13  70.    At all relevant times, California Labor Code section 226.7 provides that no
14  employer shall require an employee to work during any rest period mandated by an applicable
15  order of the California IWC.

16  71.    At all relevant times, the applicable IWC Wage Order provides that "[e]very
17  employer shall authorize and permit all employees to take rest periods, which insofar as
18  practicable shall be in the middle of each work period" and that the "rest period time shall be
19  based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)
20  hours or major fraction thereof" unless the total daily work time is less than three and one-half
21  (3 ½) hours.

22  72.    During the relevant time period, Defendants required Plaintiff and other class
23  members to work four (4) or more hours without authorizing or permitting a ten (10) minute
24  rest period per each four (4) hour period worked.

25  73.    During the relevant time period, Defendants willfully required Plaintiff and the
26  other class members to work during rest periods and failed to pay Plaintiff and the other class
27  members the full rest period premium for work performed during rest periods.
28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

14

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    74.    During the relevant time period, Defendants failed to pay Plaintiff and the other

2    class members the full rest period premium due pursuant to California Labor Code section

3    226.7.

4    75.    Defendants' conduct violates applicable IWC Wage Orders and California

5    Labor Code section 226.7.

6    76.    Pursuant to the applicable IWC Wage Orders and California Labor Code section

7    226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one

8    additional hour of pay at the employees' regular hourly rate of compensation for each work

9    day that the rest period was not provided.

10    **FOURTH CAUSE OF ACTION**

11    **(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

12    **(Against FIRST STUDENT MANAGEMENT, LLC, FIRST STUDENT, INC.,**

13    **and DOES 1 through 100)**

14    77.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

15    through 76, and each and every part thereof with the same force and effect as though fully set

16    forth herein.

17    78.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1

18    provide that the minimum wage to be paid to employees, and the payment of a lesser wage

19    than the minimum so fixed is unlawful.

20    79.    During the relevant time period, Defendants failed to pay minimum wage to

21    Plaintiff and the other class members as required, pursuant to California Labor Code sections

22    1194, 1197, and 1197.1.

23    80.    Defendants' failure to pay Plaintiff and the other class members the minimum

24    wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to

25    those sections Plaintiff and the other class members are entitled to recover the unpaid balance

26    of their minimum wage compensation as well as interest, costs, and attorney's fees, and

27    liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

28    ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

81.     Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

82.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against FIRST STUDENT MANAGEMENT, LLC, FIRST STUDENT, INC., and DOES 1 through 100)

83.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82, and each and every part thereof with the same force and effect as though fully set forth herein.

84.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

85.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

86.     Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

87. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

88. Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 204)

### (Against FIRST STUDENT MANAGEMENT, LLC, FIRST STUDENT, INC., and DOES 1 through 100)

89. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 88, and each and every part thereof with the same force and effect as though fully set forth herein.

90. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

91. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

92. At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

///

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

93.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

94.    Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against FIRST STUDENT MANAGEMENT, LLC, FIRST STUDENT, INC., and DOES 1 through 100)

95.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

97.    Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include,

1    but are not limited to: the failure to include the total number of hours worked by Plaintiff and

2    the other class members.

3         98.     As a result of Defendants' violation of California Labor Code section 226(a),

4    Plaintiff and the other class members have suffered injury and damage to their statutorily-

5    protected rights.

6         99.     More specifically, Plaintiff and the other class members have been injured by

7    Defendants' intentional and willful violation of California Labor Code section 226(a) because

8    they were denied both their legal right to receive, and their protected interest in receiving,

9    accurate and itemized wage statements pursuant to California Labor Code section 226(a).

10        100.    Plaintiff and the other class members are entitled to recover from Defendants the

11    greater of their actual damages caused by Defendants' failure to comply with California Labor

12    Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per

13    employee.

14        101.    Plaintiff and the other class members are also entitled to injunctive relief to

15    ensure compliance with this section, pursuant to California Labor Code section 226(h).

16                         **EIGHTH CAUSE OF ACTION**

17               **(Violation of California Labor Code § 1174(d))**

18       **(Against FIRST STUDENT MANAGEMENT, LLC, FIRST STUDENT, INC.,**

19                      **and DOES 1 through 100)**

20        102.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

21    through 101, and each and every part thereof with the same force and effect as though fully set

22    forth herein.

23        103.    Pursuant to California Labor Code section 1174(d), an employer shall keep, at a

24    central location in the state or at the plants or establishments at which employees are

25    employed, payroll records showing the hours worked daily by and the wages paid to, and the

26    number of piece-rate units earned by and any applicable piece rate paid to, employees

27    employed at the respective plants or establishments. These records shall be kept in accordance

28    ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    with rules established for this purpose by the commission, but in any case shall be kept on file

2    for not less than two years.

3        104.    Defendants have intentionally and willfully failed to keep accurate and complete

4    payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other

5    class members.

6        105.    As a result of Defendants' violation of California Labor Code section 1174(d),

7    Plaintiff and the other class members have suffered injury and damage to their statutorily-

8    protected rights.

9        106.    More specifically, Plaintiff and the other class members have been injured by

10   Defendants' intentional and willful violation of California Labor Code section 1174(d) because

11   they were denied both their legal right and protected interest, in having available, accurate and

12   complete payroll records pursuant to California Labor Code section 1174(d).

### NINTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against FIRST STUDENT MANAGEMENT, LLC, FIRST STUDENT, INC.,**

**and DOES 1 through 100)**

17       107.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

18   through 106, and each and every part thereof with the same force and effect as though fully set

19   forth herein.

20       108.    Pursuant to California Labor Code sections 2800 and 2802, an employer must

21   reimburse its employee for all necessary expenditures incurred by the employee in direct

22   consequence of the discharge of his or her job duties or in direct consequence of his or her

23   obedience to the directions of the employer.

24       109.    Plaintiff and the other class members incurred necessary business-related

25   expenses and costs that were not fully reimbursed by Defendants.

26       110.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the

27   other class members for all necessary business-related expenses and costs.

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

111.     Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against FIRST STUDENT MANAGEMENT, LLC, FIRST STUDENT, INC., and DOES 1 through 100)

112.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 111, and each and every part thereof with the same force and effect as though fully set forth herein.

113.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

114.     Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

115.     A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor

2  Code sections 226(a), 1174(d), 2800 and 2802.

3      116.    As a result of the herein described violations of California law, Defendants

4  unlawfully gained an unfair advantage over other businesses.

5      117.    Plaintiff and the other class members have been personally injured by

6  Defendants' unlawful business acts and practices as alleged herein, including but not

7  necessarily limited to the loss of money and/or property.

8      118.    Pursuant to California Business & Professions Code sections 17200, et seq.,

9  Plaintiff and the other class members are entitled to restitution of the wages withheld and

10 retained by Defendants during a period that commences four years preceding the filing of this

11 Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section

12 1021.5 and other applicable laws; and an award of costs.

13                    **DEMAND FOR JURY TRIAL**

14      Plaintiff, individually, and on behalf of other members of the general public similarly

15 situated, requests a trial by jury.

16                      **PRAYER FOR RELIEF**

17      WHEREFORE, Plaintiff, individually, and on behalf of other members of the general

18 public similarly situated, prays for relief and judgment against Defendants, jointly and

19 severally, as follows:

20                       **Class Certification**

21      1.    That this action be certified as a class action;

22      2.    That Plaintiff be appointed as the representative of the Class;

23      3.    That counsel for Plaintiff be appointed as Class Counsel; and

24      4.    That Defendants provide to Class Counsel immediately the names and most

25 current/last known contact information (address, e-mail and telephone numbers) of all class

26 members.

27 ///

28 ///

**As to the First Cause of Action**

5.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.    For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

10.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.    For all actual, consequential, and incidental losses and damages, according to proof;

13.    For premium wages pursuant to California Labor Code section 226.7(c);

14.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.    For reasonable attorneys' fees and costs of suit incurred herein; and

16.    For such other and further relief as the Court may deem just and proper.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### As to the Third Cause of Action

17. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(c);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24. For general unpaid wages and such general and special damages as may be appropriate;

25. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28. For liquidated damages pursuant to California Labor Code section 1194.2; and

29. For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

30.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31.     For all actual, consequential, and incidental losses and damages, according to proof;

32.     For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

33.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34.     For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

35.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other class members;

36.     For all actual, consequential, and incidental losses and damages, according to proof;

37.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

38.     For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

39.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

40.     For actual, consequential and incidental losses and damages, according to proof;

41.     For statutory penalties pursuant to California Labor Code section 226(e);

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

25

42.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

43.     For such other and further relief as the Court may deem just and proper.

**As to the Eighth Cause of Action**

44.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiff and the other class members as required by California Labor Code section 1174(d);

45.     For actual, consequential and incidental losses and damages, according to proof;

46.     For statutory penalties pursuant to California Labor Code section 1174.5; and

47.     For such other and further relief as the Court may deem just and proper.

**As to the Ninth Cause of Action**

48.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

49.     For actual, consequential and incidental losses and damages, according to proof;

50.     For the imposition of civil penalties and/or statutory penalties;

51.     For reasonable attorneys' fees and costs of suit incurred herein; and

52.     For such other and further relief as the Court may deem just and proper.

**As to the Tenth Cause of Action**

53.     That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    54.    For restitution of unpaid wages to Plaintiff and all the other class members and

2    all pre-judgment interest from the day such amounts were due and payable;

3    55.    For the appointment of a receiver to receive, manage and distribute any and all

4    funds disgorged from Defendants and determined to have been wrongfully acquired by

5    Defendants as a result of violation of California Business and Professions Code sections

6    17200, et seq.;

7    56.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

8    California Code of Civil Procedure section 1021.5;

9    57.    For injunctive relief to ensure compliance with this section, pursuant to

10    California Business and Professions Code sections 17200, et seq.; and

11    58.    For such other and further relief as the Court may deem just and proper.

12    Dated: October 17, 2022                         **LAWYERS** *for* **JUSTICE, PC**

13

14                                                     By: _____

15                                                         Edwin Aiwazian
                                                           *Attorneys for* Plaintiff
16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# EXHIBIT B

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
10/31/2022
CT Log Number 542585920

## Service of Process Transmittal Summary

**TO:** ANDREW PUGH
FIRSTGROUP AMERICA, INC.
600 VINE ST STE 1400
CINCINNATI, OH 45202-2426

**RE:** **Process Served in California**

**FOR:** First Student Management LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MARIA GUARDADO, individually, and on behalf of other members of the general public similarly situated // To: First Student Management LLC |
| **CASE #:** | 22STCV33722 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/31/2022 at 11:36 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  ANDREW PUGH  Andreww.Pugh@firstgroup.com |
| | Email Notification,  Amy Pucke  amy.pucke@firstgroup.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Mon, Oct 31, 2022
**Server Name:**                   Sandra Felix

| Entity Served | FIRST STUDENT MANAGEMENT, LLC |
|---|---|
| Case Number | 22STCV33722 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



Electronically FILED by Superior Court of California, County of Los Angeles on 10/17/2022 12:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk
22STCV33722

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FIRST STUDENT MANAGEMENT, LLC, a Delaware limited liability
company; "Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA GUARDADO, individually, and on behalf of other members of
the general public similarly situated;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California for the County of Los Angeles<br>Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>22STCV33722 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian; 410 West Arden Avenue, Suite 203, Glendale, California 91203; (818) 265-1020

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)* 10/17/2022 | Clerk, by<br>*(Secretario)* R. Lozano | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒☒ on behalf of *(specify):* **FIRST STUDENT MANAGEMENT, LLC, a Delaware limited liability company**

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☒☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Guardado vs. First Student Management, LLC, et al. | 22STCV33722 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

FIRST STUDENT, INC., a Delaware corporation; and DOES 1 through 100, inclusive,

Page __1__ of __1__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Electronically FILED by Superior Court of California, County of Los Angeles on 10/17/2022 05:52 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano, Deputy Clerk 22STCV33722

**CM-010**

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | | **FOR COURT USE ONLY** |

Edwin Aiwazian (State Bar Number 232943)
LAWYERS FOR JUSTICE, PC, 410 West Arden Avenue, Suite 203, Glendale, CA 91203

TELEPHONE NO.: (818) 265-1020    FAX NO. *(Optional):* (818) 265-1021
E-MAIL ADDRESS:
ATTORNEY FOR *(Name):* Plaintiff Maria Guardado

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Guardado vs. First Student Management, LLC, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**   [ ] **Limited** | [ ] Counter   [ ] Joinder | **22STCV33722** |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:    DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Ten
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 17, 2022
Edwin Aiwazian
_____     ▶   *(signature)*
(TYPE OR PRINT NAME)           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

| SHORT TITLE: Guardado vs. First Student Management, LLC, et al. | CASE NUMBER 22STCV33722 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: Guardado vs. First Student Management, LLC, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case | ①2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Guardado vs. First Student Management, LLC, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2; 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Guardado vs. First Student Management, LLC, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: October 17, 2022

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: |
|---|---|
| Edwin Aiwazian<br>LAWYERS for JUSTICE, PC<br>410 West Arden Avenue, Suite 203<br>Glendale, California 91203 | 232943 |

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**OCT 18 2022**

Sherri R. Carter, Executive Officer/Clerk of Court
By_*Darla Tamayo* Deputy
Darla Tamayo

ATTORNEY FOR (Name): Plaintiff Maria Guardado

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Maria Guardado

DEFENDANT/RESPONDENT:
First Student Management, LLC, et al.

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
(Code Civ. Proc., § 170.6)

CASE NUMBER:
22STCV33722

| Name of Judicial Officer: (PRINT)<br><br>Honorable Maren Nelson | Dept. Number:<br><br>SSC17 |
|---|---|
| ☑ Judge             ☐ Commissioner             ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: Maria Guardado
Name of Party

☑ Plaintiff/Petitioner          ☐ Cross Complainant
☐ Defendant/Respondent     ☐ Cross Defendant
☐ Other: _____

Dated: October 18, 2022

*[signature]*
Signature of Declarant

Edwin Aiwazian
Printed Name

*[handwritten: Timely accepted 10/19/22]*

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
(Code Civ. Proc., § 170.6)

Code Civ. Proc., § 170.6

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE)                                                     (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____               ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)
Date:

_____               ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____               ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____               ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____               ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)
Date:

_____               ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)
Date:

_____               ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);·

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| |
|---|
| |

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

### INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]    [ Save ]    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____     ➤  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date: _____

_____     ➤  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

_____     ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

_____     ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

## THE COURT SO ORDERS.

Date: _____          _____
                                                       JUDICIAL OFFICER

    Print          Save                                          Clear

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

General Order Re                    )    ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation )    EXTENDING TIME TO RESPOND BY
Stipulations                        )    30 DAYS WHEN PARTIES AGREE
                                    )    TO EARLY ORGANIZATIONAL
                                    )    MEETING STIPULATION
_____)

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_ Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

 **Superior Court of California, County of Los Angeles**

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

LASC CIV 271 Rev. 02/22
For Mandatory Use

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations
   to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected
   cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may
offer online mediation by video conference for cases they accept. Before contacting these organizations,
review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small
claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases
   should carefully review the Notice and other information they may receive about (ODR)
   requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and
arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's
decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a
trial after the arbitrator's decision. For more information about arbitration, visit
http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close
to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement
officer who does not make a decision but who instead assists the parties in evaluating the strengths and
weaknesses of the case and in negotiating a settlement. For information about the Court's MSC
programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING    )
FOR CIVIL                       )
                                 )
                                 )
                                 )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

following:

1) DEFINITIONS

    a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to

       quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling

       portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"** A transaction through the electronic service provider for submission

       of documents to the Court for processing which may contain one or more PDF documents

       attached.

    d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a

       document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)   Declarations;

   iii)   Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)   Citations; and

   vii)   Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

1      b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2            day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte

3            application must be provided to the court the day of the ex parte hearing.

4  9) PRINTED COURTESY COPIES

5      a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6            be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If

7            the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8            by 10:00 a.m. the next business day.

9      b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10          electronic submission) is required for the following documents:

11         i) Any printed document required pursuant to a Standing or General Order;

12         ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26

13              pages or more;

14         iii) Pleadings and motions that include points and authorities;

15         iv) Demurrers;

16         v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17         vi) Motions for Summary Judgment/Adjudication; and

18         vii) Motions to Compel Further Discovery.

19      c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20          additional documents. Courtroom specific courtesy copy guidelines can be found at

21          www.lacourt.org on the Civil webpage under "Courtroom Information."

22  10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23      a) Fees and costs associated with electronic filing must be waived for any litigant who has

24          received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25          1010.6(d)(2).)

26      b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27          section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be

28          electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   1) SIGNATURES ON ELECTRONIC FILING

2        For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6        This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/17/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Lozano _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV33722 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Maren Nelson | 17 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     Sherri R. Carter, Executive Officer / Clerk of Court

on 10/18/2022 _____     By R. Lozano _____, Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)     **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
11/14/2022
CT Log Number 542672553

## Service of Process Transmittal Summary

**TO:**     ANDREW PUGH
            FIRSTGROUP AMERICA, INC.
            600 VINE ST STE 1400
            CINCINNATI, OH 45202-2426

**RE:**     **Process Served in California**

**FOR:**    First Student Management LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MARIA GUARDADO, individually, and on behalf of other members of the general public similarly situated // To: First Student Management LLC |
| **CASE #:** | 22STCV33722 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Non-Traceable Mail on 11/14/2022 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  ANDREW PUGH  Andreww.Pugh@firstgroup.com |
| | Email Notification,  Amy Pucke  amy.pucke@firstgroup.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED | DATE/METHOD OF SERVICE | TO | LOG NUMBER |
|---|---|---|---|
| -- | By Process Server on 10/31/2022 | ANDREW PUGH FIRSTGROUP AMERICA, INC. | 542585920 |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# LAWYERS FOR
# JUSTICE

410 ARDEN AVE, SUITE 203 / GLENDALE, CA 91203

SANTA CLARITA CA   913

10 NOV 2022  PM 7  L  US POSTAGE

FIRST-CLASS
026W0004897483
2000152203
ZIP 91203
NOV 10 2022

CT Corporation System
Attn: Jessie Gastelum
330 North Brand Blvd., Suite 700
Glendale, California 91203

91203-233875

Edwin Aiwazian (SBN 232943)
Jacob Karczewski (SBN 268295)
Talar DerOhannessian (SBN 311687)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone: (818) 265-1020
Facsimile: (818) 265-1021

*Attorneys for* Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE**

|  |  |
|---|---|
| MARIA GUARDADO, individually, and on behalf of other members of the general public similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> FIRST STUDENT MANAGEMENT, LLC, a Delaware limited liability company; FIRST STUDENT, INC., a Delaware corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 22STCV33722 <br><br> Honorable Elihu M. Berle <br> Department 6 <br><br> **CLASS ACTION** <br><br> **PROOF OF SERVICE** <br><br><br> Complaint Filed:    October 17, 2022 <br> Jury Trial Date:    None Set |

**PROOF OF SERVICE**

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 410 West Arden Avenue, Suite 203, Glendale, California 91203.

On November 10, 2022, I served the foregoing document(s) described as:

- **COURT ORDER RE. CASE REASSIGNMENT DATED OCTOBER 25, 2022**
- **COURT ORDER RE: INITIAL STATUS CONFERENCE DATED OCTOBER 27, 2022**
- **INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) DATED OCTOBER 27, 2022**

on interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

CT Corporation System
Attn: Jessie Gastelum
330 North Brand Blvd., Suite 700
Glendale, California 91203

*Agent for Service of Process for* FIRST STUDENT MANAGEMENT, LLC and FIRST STUDENT, INC.

**[X]    BY U.S. MAIL**
As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**[X]    STATE**
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 10, 2022, at Glendale, California.

Claudia Robles

_____
Claudia Robles

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2
**PROOF OF SERVICE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Inglewood Courthouse
One Regent Street, Inglewood, CA 90301

PLAINTIFF:
Maria Guardado

DEFENDANT:
FIRST STUDENT MANAGEMENT, LLC, a California limited liability

**NOTICE OF CASE MANAGEMENT CONFERENCE**

**FILED**
Superior Court of California
County of Los Angeles

**10/24/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By _____A. Wiggins_____ Deputy

CASE NUMBER:
22TRCV00967

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 02/15/2023 | Time: 8:30 AM | Dept.: 8 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: ___10/24/2022___

___Ronald Frank / Judge___
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in ___Inglewood___, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Edwin Aiwazian
410 Arden Ave Suite 203

Glendale, CA 91203

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ___10/24/2022___

By ___A. Wiggins___
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 6

| | |
|---|---|
| **22STCV33722** | October 27, 2022 |
| **MARIA GUARDADO vs FIRST STUDENT MANAGEMENT, LLC, et al.** | 4:12 PM |

| | |
|---|---|
| Judge: Honorable Elihu M. Berle | CSR: None |
| Judicial Assistant: D. Wortham | ERM: None |
| Courtroom Assistant: M. Molinar | Deputy Sheriff: None |

---

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

---

NATURE OF PROCEEDINGS: Court Order Re: Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 01/19/2023 at 11:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

### Civil Division
#### Central District, Spring Street Courthouse, Department 6

**22STCV33722**                                                              October 27, 2022
**MARIA GUARDADO vs FIRST STUDENT MANAGEMENT,**                                      4:12 PM
**LLC, et al.**

Judge: Honorable Elihu M. Berle          CSR: None
Judicial Assistant: D. Wortham           ERM: None
Courtroom Assistant: M. Molinar          Deputy Sheriff: None

Appearance shall not constitute a waiver of any substantive or procedural challenge to the
Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to
Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended
Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a
Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to
https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for
"Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's
First Amended General Order of May 3, 2019, particularly including the provisions therein
requiring Bookmarking with links to primary documents and citations; that Order is available on
the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every
new case to use an approved third-party cloud service that provides an electronic message board.
In order to facilitate communication with counsel prior to the Initial Status Conference, the
parties must sign-up with the e-service provider at least ten (10) court days in advance of the
Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and
parties to make audio or video appearances in Los Angeles County courtrooms.
LACourtConnect technology provides a secure, safe and convenient way to attend hearings
remotely. A key element of the Court's Access LACourt YOUR WAY program to provide
services and access to justice, LACourtConnect is intended to enhance social distancing and
change the traditional in-person courtroom appearance model. See
https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS")
portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the
Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1
is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own
arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information
on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 6

22STCV33722                                                    October 27, 2022
**MARIA GUARDADO vs FIRST STUDENT MANAGEMENT,**                 4:12 PM
**LLC, et al.**

Judge: Honorable Elihu M. Berle          CSR: None
Judicial Assistant: D. Wortham           ERM: None
Courtroom Assistant: M. Molinar          Deputy Sheriff: None

Counsel are directed to access the following link for further information on procedures in the Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

PARTIES SHALL FILE A JOINT INITIAL STATUS CONFERENCE REPORT 7 DAYS PRIOR TO THE INITIAL STATUS CONFERENCE.

Certificate of Mailing is attached.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 11

| | |
|---|---|
| 22STCV33722 | October 25, 2022 |
| **MARIA GUARDADO vs FIRST STUDENT MANAGEMENT, LLC, et al.** | 9:20 AM |

Judge: Honorable David S. Cunningham III     CSR: None
Judicial Assistant: I. Arellanes     ERM: None
Courtroom Assistant: C. Concepcion     Deputy Sheriff: None

**APPEARANCES:**

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re. Case Reassignment;

This case was ordered transferred to the Assistant Supervising Judge of Complex Civil Litigation, Judge David S. Cunningham III in Department 11, for reassignment purposes only.

The case is reassigned for the following reason: Peremptory Challenge to Judicial Officer Maren Nelson.

Good cause appearing and on order of the Court, the above matter is reassigned at the direction of the Supervising Judge to Judge Elihu M. Berle in Department 6 at the Spring Street Courthouse for all further proceedings.

Plaintiff is ordered to forthwith serve a copy of this minute order on all parties and file a proof of service within seven (7) days of service.

Certificate of Mailing is attached.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Maria Guardado

DEFENDANT/RESPONDENT:
First Student Management, LLC, et al.

**CERTIFICATE OF MAILING**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**10/25/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ I. Arellanes _____ Deputy

CASE NUMBER:
22STCV33722

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re. Case Reassignment;) of 10/25/2022  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Edwin Aiwazian
410 Arden Ave Suite 203
Glendale, CA 91203

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>10/25/2022</u>

By: <u>I. Arellanes</u>
Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | |
|---|---|
| **COURTHOUSE ADDRESS:**<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | Reserved for Clerk's File Stamp<br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/27/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By _____ D. Wortham _____ Deputy |
| **PLAINTIFF/PETITIONER:**<br>Maria Guardado | |
| **DEFENDANT/RESPONDENT:**<br>First Student Management, LLC, et al. | |
| **CERTIFICATE OF MAILING** | **CASE NUMBER:**<br>22STCV33722 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Initial Status Conference) of 10/27/2022 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Edwin Aiwazian
410 Arden Ave Suite 203
Glendale, CA 91203

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 10/28/2022

By: D. Wortham
Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT C

1   David J. Dow, Bar No. 179407
    ddow@littler.com
2   Jocelyn D. Hannah, Bar No. 224666
    jhannah@littler.com
3   Amanda Fleming, Bar No. 344927
    afleming@littler.com
4   LITTLER MENDELSON, P.C.
    501 W. Broadway, Suite 900
5   San Diego, California  92101.3577
    Telephone:    619.232.0441
6   Fax No.:      619.232.4302

7   Attorneys for Defendants
    FIRST STUDENT MANAGEMENT, LLC AND
8   FIRST STUDENT, INC.

9

                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10

                        COUNTY OF LOS ANGELES

11

12
    MARIA GUARDADO, individually, and on       Case No.  22STCV33722
13  behalf of other members of the general public
    similarly situated,                        **ANSWER TO CLASS ACTION
14                                             COMPLAINT**
                Plaintiff,
15                                             ASSIGNED FOR ALL PURPOSES TO
        v.                                     JUDGE HON. MAREN NELSON, DEPT.
16                                             17
    FIRST STUDENT MANAGEMENT, LLC, a
17  Delaware limited liability company; FIRST   Trial Date: Not set
    STUDENT, INC., a Delaware corporation; and  Complaint Filed:   October 17, 2022
18  DOES 1 through 100, inclusive,
19              Defendants.
20

21

22

23

24

25

26

27

28

LITTLER MENDELSON,
P.C.
501 W. Broadway, Suite
900
San Diego, CA
92101.3577
619.232.0441

Defendants FIRST STUDENT MANAGEMENT, LLC AND FIRST STUDENT, INC. ("Defendants"), by and through their attorneys, Littler Mendelson, P.C., answer the unverified Complaint (the "Complaint") of Plaintiff MARIA GUARDADO (herein "Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendants deny generally and specifically, conjunctively and disjunctively, each and every allegation of the Complaint, and deny Plaintiff has sustained, or will sustain any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendants. Without conceding that they have the burden of proof or persuasion, Defendants also assert the following separate and distinct affirmative defenses to the Complaint and each and every alleged cause of action stated therein:

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to the Complaint and each claim therein. By asserting these defenses, Defendants do not concede that they have the burden of production or proof as to any affirmative defense asserted below. Defendants do not presently know all of the facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendants reserve the right to seek leave of this Court to amend this Answer should they later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Preemption)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's state law claims are preempted in whole or in part by federal law, including, but not limited to, Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

2

ANSWER TO COMPLAINT

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

As a separate and distinct affirmative defense, Defendants allege that Plaintiff lacks standing to bring her claim as to all or a portion of the claims alleged in the Complaint and therefore cannot adequately represent the putative class members.

**FOURTH AFFIRMATIVE DEFENSE**

**(Violation of Due Process Rights)**

As a separate and distinct affirmative defense, Defendants allege that prosecution of a class action under the facts and circumstances of this case would constitute a denial of Defendants' due process rights, both substantive and procedural, in violation of the Constitution of the State of California and the Constitution of the United States, including the Fourteenth Amendment.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Specificity)**

As a separate and distinct affirmative defense, Defendants allege that the Complaint fails to allege special damages with requisite specificity.

**SIXTH AFFIRMATIVE DEFENSE**

**(Breach of Duties Owed to Defendant)**

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred by her own breach of duties owed to Defendants under California Labor Code §§ 2856 and 2859.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Consent)**

As a separate and distinct affirmative defense, Defendants allege that if either Plaintiff or any putative class member "worked" hours for which compensation was not paid, Defendants had no knowledge, or reason to know, of such "work" and such "work" was undertaken without the consent or permission of Defendants.

/ / /

/ / /

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

3

ANSWER TO COMPLAINT

### EIGHTH AFFIRMATIVE DEFENSE

#### (*De Minimus*)

As a separate and distinct affirmative defense, Defendants allege that any time either Plaintiff or the individuals she seeks to represent spent on work-related activities for which compensation was otherwise due but was not paid, or that Plaintiff or the other putative class members were subjected to inadequate meal or rest breaks, such time was *de minimus* such that no compensation is owed.

### NINTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

As a separate and distinct affirmative defense, Defendants allege that all or portions of the claims set forth in the Complaint are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure §§ 203, 226, 338(a), 339, 340(a), California Business and Professions Code § 17208, and any other applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

#### (Laches, Unclean Hands, Waiver and Estoppel)

As a separate and distinct affirmative defense, Defendants allege that all or portions of Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel, including to the extent that Plaintiff and/or putative class members failed to comply with Defendants' policies and procedures relating to rest periods, meal periods, recording of time worked, or other employment-related policies relating to the allegations in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Meal Periods and Rest Periods Authorized, Permitted, Made Available, and Not Discouraged or Dissuaded)

Defendants allege that Plaintiff and/or members of the putative class Plaintiff purports to represent were provided with all meal and rest periods required by statute, Wage Order, or administrative regulation, and further that Plaintiff and/or members of the putative class Plaintiff purport to represent have no right to a premium payment under California Labor Code section 226.7 or otherwise because, to the extent, if any, that any Plaintiff and/or putative class member by their

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4

ANSWER TO COMPLAINT

acts, conduct, and omissions, expressly or impliedly waived whatever rights they many have had to meal and rest breaks or misled Defendants regarding their meal and rest breaks.  Further, if they did not take breaks, it was because s/he: (1) voluntarily failed to take breaks that were provided to him/her in compliance with California law; (2) chose not to take breaks that were authorized and permitted; (3) waived his/her right to breaks under California Labor Code section 512(a), the applicable Wage Order of the Industrial Welfare Commission or other applicable law; and/or (4) failed to follow Defendants' reasonable instructions with regard to breaks.  Defendants further allege that Plaintiff and members of the putative class were permitted to leave the premises during their breaks, and to the extent they did not do so, it was a voluntary choice.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Authorization to Work Off-the-Clock)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claim for wages is barred, in whole or in part, because Defendant never authorized Plaintiff and/or the putative class members and/or aggrieved employees to work off-the-clock.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Exempt Employees – Meal Periods)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's meal period claims, as well as those of the putative class members, are barred, in whole or in part, on the grounds that Plaintiff and the putative class members are exempt from the requirements of the applicable Wage Order(s) and provisions of the California Code of Regulations and California Labor Code, pursuant to California Labor Code § 512(e)-(g).

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Exempt Employees – Overtime)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims, and those of the putative class members, for unpaid overtime are barred, in whole or in part, because Plaintiff and the putative class members were exempt from overtime pursuant to California Labor Code § 514 and Sections 3(H) and 3(L) of Wage Order 9.

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

5

ANSWER TO COMPLAINT

### FIFTEENTH AFFIRMATIVE DEFENSE

**(No Recovery for Alleged Waiting Time Penalties after Filing of this Action)**

As a separate and distinct affirmative defense, Defendants allege that Plaintiff has failed to state facts sufficient to constitute a claim for waiting time penalties under California Labor Code section 203 to the extent that any person claiming such penalties did not resign or were not discharged prior to the filing of this action, or were employed by Defendants at the time this action was filed.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Accord, Satisfaction, Discharge, and Release)**

As a separate and distinct affirmative defense, Defendant alleges that to the extent Defendants owed any duties or obligations to Plaintiff or any of the employees she seeks to represent, such duties or obligations have been fully performed, satisfied, discharged, or released and therefore some or all of the causes of action and/or legal theories alleged in the Complaint are barred by the doctrines of accord and satisfaction by, *inter alia,* providing meal periods, authorizing and permitting rest breaks, timely paying for time worked, including overtime, and/or signed release agreements/settlements.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Excessive Fines)**

As a separate and distinct affirmative defense, Defendants allege that, to the extent Plaintiff and/or the putative class seeks civil or statutory penalties, such claims violate the Fifth, Fourteenth and Eighth Amendments of the United States Constitution and also violate Article 1, sections 7 and 8 of the California Constitution, including the prohibition against excessive fines.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Waiver – Hours Worked)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each purported claim contained therein, is barred to the extent Plaintiff and the individuals he seeks to represent, by their acts, conduct, and omissions, expressly or impliedly waived whatever rights they may have had against Defendant or misled Defendant regarding hours worked.

LITTLER MENDELSON,
P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

6

ANSWER TO COMPLAINT

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Bona Fide Dispute)**

As a separate and distinct affirmative defense, Defendants allege that the claims for penalties, including waiting time penalties under California Labor Code § 203, are barred because: (1) a good faith, bona fide dispute exists or existed as to whether additional compensation is or was owed, pursuant to California Labor Code §§ 201, 202 and 203; (2) Defendants have not intentionally or willfully failed to pay such additional compensation; and (3) to impose penalties in this action would be inequitable and unjust.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Injury)**

As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the putative class members lack standing to sue pursuant to California Business & Professions Code §§ 17200 and 17204, as none of them has any of them suffered any injury in fact or lost money or property as a result of any allegedly unlawful business practice of Defendants, nor did they sustain any injury, as defined in Labor Code § 226(e)(2), from any alleged failure to provide wage statements in conformity with Labor Code § 226(a), from the alleged failure to maintain records pursuant to Labor Code § 1174, or from any other alleged violation of the California Labor Code.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Compensation Owed for Any Alleged "Off-the-Clock" Work)**

As a separate and distinct affirmative defense, Defendant alleges that any alleged "off-the-clock" hours worked by Plaintiff and/or the putative class she seeks to represent are not compensable hours worked within the meaning of the California Labor Code, the Wage Order(s), and/or other applicable law, and Plaintiff's claims, as well as those of the putative class, are further barred as to all "off-the-clock" hours worked of which Defendants lacked actual or constructive knowledge and because Defendants' policies prohibited Plaintiff and/or other employees from working off-the-clock.

/ / /

/ / /

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

7

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Failure to Accept Timely Payment of Final Wages Made Available)**

As a separate and distinct affirmative defense, Defendants allege that any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in part, to the extent that Plaintiff and/or some, or all, of the putative class members secreted or absented themselves to avoid payment of wages, thereby relieving Defendants of liability for waiting time penalties under the California Labor Code, including but not limited to California Labor Code sections 201, 202 and 203.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Accurate Payroll Records and Accurate Wage Statements)**

As a separate and distinct affirmative defense, Defendants allege that any underlying claims for penalties pursuant to Labor Code section 226 are barred, in whole or in part, because Defendants did maintain accurate payroll records during the relevant time period and because Plaintiff's wage statements and those of the employees she seeks to represent accurately reported the hours and rates in effect at the time they were issued, and thus, Plaintiff's wage statement claim fails under *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308 (2018).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(All Wages and Reimbursements Paid/ Bona Fide Dispute)**

As a separate and distinct affirmative defense, Defendants allege that it paid Plaintiff and the employees she seeks to represent all wages and expense reimbursements owed to them within the appropriate time period and further allege there is a bona fide dispute as to whether any additional compensation or reimbursement is actually due to Plaintiff and/or the employees she seeks to represent, and if so, the amount due.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(No Notice of Reimbursable Expenses)**

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint is barred, in whole or in part, on the grounds and to the extent that Defendants did not know or have reason to know that Plaintiff and/or the employees she seeks to represent had incurred the alleged

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

business expenses claimed and, therefore, they had no duty to reimburse Plaintiff and/or the employees she seeks to represent.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Expenses Unnecessary)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint is barred, in whole or in part, on the grounds that Defendants satisfied any statutory business expense reimbursement obligations it had, including by providing needed resources for completing expected job duties and/or through direct reimbursement, and the expenses alleged are not reasonable, are not necessary or required for the job, and could not have been incurred in direct consequence of the discharge Plaintiff's job duties or the job duties of those employees she seeks to represent.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims – including but not limited to their claim for penalties pursuant to Labor Code section 226 – are barred, in whole or in part, because Defendants substantially complied with all applicable laws, statutes, regulations, and applicable Wage Orders.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Abatement)

As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each purported cause of action alleged therein, should be abated in the Court's discretion, and Plaintiff and the putative class should be required to pursue their administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over their claims.

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

9

ANSWER TO COMPLAINT

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

As a separate and distinct affirmative defense, Defendants allege that the alleged injuries to Plaintiff and the putative class members were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Plaintiff)

As a separate and distinct affirmative defense, Defendants allege that any loss or damage sustained by Plaintiff and the putative class members, if any, were caused by the acts or omissions of Plaintiff and the putative class, or persons other than Defendants.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Consent)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the putative class members consented to, encouraged, or voluntarily participated in all actions taken, if any.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Independent Judgment)

As a separate and distinct affirmative defense, Defendants allege that any purported failure of Plaintiff or other putative class members to record all hours of work or to take meal and/or rest periods was the result of their exercise of discretion, independent judgment, and self-determination.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Follow Reasonable Instructions)

As a separate and distinct affirmative defense, Defendants allege that any damages suffered were the result of failure by Plaintiff and/or the putative class members to comply with the reasonable expectations and/or follow reasonable instructions and/or policies.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

10

ANSWER TO COMPLAINT

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(No Authorization)**

As a separate and distinct affirmative defense, Defendants allege that any unlawful or other wrongful acts of any person(s) employed by Defendants were outside of the scope of his or her authority and such act(s), if any, were not authorized, ratified, or condoned by Defendants, nor did Defendants know or have reason to be aware of such alleged conduct.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(Avoidable Consequences)**

As a separate and distinct affirmative defense, Defendants allege that each purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Equity)**

As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein cannot be maintained against Defendants because the principles of fairness and equity operate to bar the imposition of penalties under California Labor Code § 226.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Good Faith)**

As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Defendants allege that any violation of the California Labor Code, or of a Wage Order of the Industrial Welfare Commission, was an act or omission made in good faith, and that in any participation in such acts, Defendants had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code, or any Wage Order of the Industrial Welfare Commission.

/ / /

/ / /

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

11

ANSWER TO COMPLAINT

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Intentional or Willful Conduct – Additional Compensation)

As a separate and distinct affirmative defense, Defendants allege that assuming, *arguendo*, that Plaintiff and the putative class members are entitled to additional compensation, Defendants have not willfully or intentionally failed to pay any such additional compensation to Plaintiff and the putative class members to justify any awards of penalties, fees, or liquidated damages.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Intentional or Willful Conduct – Wage Statements)

As a separate and distinct affirmative defense, Defendants allege that any alleged failure to provide Plaintiff and/or any of the other putative class members with wage statements in conformity with California Labor Code § 226(a), to pay Plaintiff or any of them, timely and properly, or any other alleged violation of the California Labor Code was not knowing, intentional or willful.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred because Plaintiff and the putative class failed to timely and completely exhaust the requisite administrative remedies, statutory, and/or contractual remedies available to them, including under any applicable collective bargaining agreement, prior to commencing this action.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Bus. & Prof. Code Section 17200 –No Unfair, Unlawful, or Fraudulent Conduct)

As a separate and distinct affirmative defense, Defendants allege that their business actions or practices were not unfair, unlawful, fraudulent, or deceptive within the meaning of California Business and Professions Code § 17200 *et seq.*

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Bus. & Prof. Code Section 17200 – Unconstitutional)

As a separate and distinct affirmative defense to the Complaint and to the cause of action therein for alleged violation of California Business and Professions Code § 17200 *et seq.*, Plaintiff's

LITTLER MENDELSON,
P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

12

1   claims (and those of the putative class) are barred because California Business and Professions

2   Code § 17200 *et seq.* is unconstitutionally vague and overbroad and the manner in which Plaintiff

3   alleges that said statutes apply to Defendants' business practices constitutes a violation of

4   Defendants' rights to substantive and procedural due process rights under the Fourteenth

5   Amendment of the United States Constitution and under the California Constitution.

6   ## THIRTY-SECOND AFFIRMATIVE DEFENSE

7   ### (Bus. & Prof. Code Section 17200 – Individual Inquires)

8   As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the

9   putative class are barred from obtaining relief pursuant to the causes of action for violation of

10  California Business and Professions Code § 17200 *et seq.* because California law does not permit

11  representative actions where liability can only be determined through fact-intensive individualized

12  assessments of alleged wage and hour violations.

13  ## THIRTY-THIRD AFFIRMATIVE DEFENSE

14  ### (Bus. & Prof. Code Section 17200 – Declaratory Relief Barred)

15  As a separate and distinct affirmative defense, Defendant alleges that the prayer for

16  restitution and declaratory relief is barred with respect to any and all alleged violations of California

17  Business and Professions Code § 17200 *et seq.* that have discontinued, ceased, and are not likely

18  to recur.

19  ## THIRTY-FOURTH AFFIRMATIVE DEFENSE

20  ### (Not Appropriate for Class Treatment)

21  As a separate and distinct affirmative defense, Defendants allege that this suit may not be

22  properly maintained as a class action because: (a) Plaintiff has failed to plead and cannot establish

23  the necessary procedural elements for class treatment; (b) a class action is not an appropriate

24  method for the fair and efficient adjudication of the claims described in the Complaint; (c) common

25  issues of fact or law do not predominate; to the contrary, individual issues predominate; (d) the

26  named Plaintiff's claims are not representative or typical of the claims of the putative class

27  members; (e) the named Plaintiff cannot fairly and adequately represent the interests of the putative

28  class members; (f) the named Plaintiff and alleged putative class counsel are not adequate

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

13

ANSWER TO COMPLAINT

representatives for the putative class members; and/or (g) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the putative class members.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(Affirmative Defenses Apply to Each Class Member)**

As a separate and distinct affirmative defense, Defendants oppose class certification and dispute the propriety of class treatment. If the Court certifies a class in this case over Defendants' objections, then Defendants assert the affirmative defenses set forth herein against each and every member of the certified class.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Offset)**

As a separate and distinct affirmative defense, Defendants allege that they are entitled to an offset against any relief due Plaintiff and/or those persons she seeks to represent, based upon their respective wrongful conduct and/or monies owed to Defendants, including, but not limited to, any overpayments made to Plaintiff and/or those persons she seeks to represent and any contractual damages and/or indemnity owed by Plaintiff and/or those persons she seeks to represent as the result of their failure to perform their contractual obligations or overpayment for hours worked.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

**(Prejudgment Interest)**

As a separate and distinct affirmative defense, Defendants allege that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

**(After Acquired Evidence)**

As a separate and distinct affirmative defense, Defendants allege on information and belief that the Complaint is or may be barred and/or relief is or may be limited due to after-acquired evidence.

/ / /

/ / /

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

14

### THIRTY-NINTH AFFIRMATIVE DEFENSE

#### (Res Judicata)

As a separate and distinct affirmative defense, Defendants allege that the Complaint and each and every cause of action alleged therein is barred, in whole or in part, under the doctrines of res judicata and/or collateral estoppel based on prior settlements, waivers, releases, and/or judgments.

### FORTIETH AFFIRMATIVE DEFENSE

#### (Adequate Remedy at Law)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the putative class members have failed to exercise reasonable care to mitigate their damages, if any, and that if it is determined that they have the right to any recovery against Defendants, such recovery should be reduced and/or eliminated by such failure.

#### RESERVATION OF RIGHTS

Defendants hereby give notice that they intend to rely on such other and further defenses as may become available during discovery in this action and reserves the right to amend its answer to assert any such defenses.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff takes nothing by reason of Plaintiff's Complaint and that judgment be rendered in favor of Defendants;

2.    That Defendants be awarded its costs of suit and attorneys' fees incurred in defense of this action; and

///

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

15

ANSWER TO COMPLAINT

3.      For such other and further relief as this Court deems just and proper.

Dated: November 30, 2022

LITTLER MENDELSON, P.C.

David J. Dow
Jocelyn D. Hannah
Amanda Fleming

Attorneys for Defendants
FIRST STUDENT MANAGEMENT, LLC and
FIRST STUDENT, INC.

4877-3114-0925.1 / 070991-1202

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

16

ANSWER TO COMPLAINT

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David J. Dow, Bar No. 179407; Jocelyn D. Hannah, Bar No. 224666<br>LITTLER MENDELSON, P.C.<br>501 W. Broadway, Suite 900<br>San Diego, CA  92101-3577 | |

TELEPHONE NO.: (619) 232-0441    FAX NO. *(Optional):* (619) 232-4302
E-MAIL ADDRESS *(Optional):*
ddow@littler.com; jhannah@littler.com
ATTORNEY FOR *(Name):* First Student, Inc., First Student Management, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS:    111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE:    Los Angeles, CA  90012
BRANCH NAME:    Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: MARIA GUARDADO

DEFENDANT/RESPONDENT:   FIRST STUDENT MANAGEMENT, LLC, et al.

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE—CIVIL** | 22STCV33722 |

**Check method of service** *(only one):*

| | | | JUDGE: Hon. Maren Nelson |
|---|---|---|---|
| ☐ **By Personal Service** | ☐ **By Mail** | ☐ **By Overnight Delivery** | DEPT.: 17 |
| ☐ **By Messenger Service** | ☐ **By Fax** | ☒ **By Electronic Service** | |

***(Do not use this proof of service to show service of a Summons and complaint.)***

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   501 W. Broadway, Suite 900, San Diego, CA  92101-3577.

3. ☒    The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):* aposthill@littler.com

4. On *(date):* November 30, 2022      I served the following **documents** *(specify):*

   **SEE ATTACHED POS-040(D)**

   ☒    The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: **SEE ATTACHED POS-040(P)**
   b. ☒    *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      **SEE ATTACHED POS-040(P)**
   c. ☒    *(Complete if service was by fax or electronic service.)*
      (1)  Fax number or electronic service address where person was served:

      (2)  Time of service:

   ☒    The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):* **E-MAIL**
   a. ☐    **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

**Page 1 of 4**

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure., §§ 1010.6, 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rules 2.260, 2.306
*www.courts.ca.gov*



American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME<br>Guardado v. First Student Management, LLC | CASE NUMBER:<br>22STCV33722 |
|---|---|

6. b. ☐   **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☐   placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Diego, CA

  c. ☐   **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. ☐   **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. ☐   **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

  f. ☒   **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Date: November 30, 2022


Lori Christy
_____
(TYPE OR PRINT NAME OF DECLARANT)

*Lori Christy*
_____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*


### DECLARATION OF MESSENGER

☐   **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

  At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

  I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

**Page 2 of 4**

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

American LegalNet, Inc.<br>www.FormsWorkFlow.com


POS-040(D)

| **SHORT TITLE**: Guardado v. First Student Management, LLC | **CASE NUMBER:** 22STCV33722 |
|---|---|

**ATTACHMENT TO PROOF OF SERVICE— CIVIL (DOCUMENTS SERVED)**
*(This Attachment is for use with form POS-040)*

The documents that were served are as follows *(describe each document specifically):*

ANSWER TO CLASS ACTION COMPLAINT

Form Approved for Optional Use
Judicial Council of California
POS-040(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (DOCUMENTS SERVED**
(Proof of Service)

Page 3 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(P)

| SHORT TITLE:<br>Guardado v. First Student Management, LLC | CASE NUMBER:<br>22STCV33722 |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)

*(This attachment is for use with form POS-040.)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| <u>Name of Person Served</u><br><br>*(If the person served is an attorney, the party or parties represented should also be stated.)* | <u>Where Served</u><br><br>*(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic service address, as applicable.)* | <u>Time of Service</u><br><br>*(Complete for service by fax transmission or electronic service.)* |
|---|---|---|
| Edwin Aiwazian<br>Lawyers for Justice, PC<br>410 West Arden Ave., Ste. 203<br>Glendale, CA 91203<br>Tel: (818) 265-1020 | Attorneys for Plaintiff<br>MARIA GUARDADO<br><br>Email: edwin@calljustice.com | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |

Form Approved for Optional Use<br>Judicial Council of California<br>POS-040(P) [Rev. July 1, 2011]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)**<br>**(Proof of Service)**

*www.courts.ca.gov*



American LegalNet, Inc.<br>www.FormsWorkFlow.com