David J. Dow, Bar No. 179407
ddow@littler.com
Jocelyn D. Hannah, Bar No. 224666
jhannah@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Fax No.:    619.232.4302

Attorneys for Defendants
FIRST STUDENT MANAGEMENT, LLC
AND FIRST STUDENT, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GUARDADO, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST STUDENT MANAGEMENT, LLC, a Delaware limited liability company; FIRST STUDENT, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:22-cv-08699-MEMF-E<br><br>*(Removed from Los Angeles Superior Court, Case No. 22STCV33722)*<br><br>**NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS**<br><br>Complaint Filed: October 17, 2022 |

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4895-1654-1773.1 / 070991-1202

NOTICE OF PENDENCY OF OTHER
ACTIONS OR PROCEEDINGS

1   TO THE ABOVE-ENTITLED COURT, PLAINTIFFS AND THEIR

2   ATTORNEYS OF RECORD:

3          Pursuant to Civil L.R. 83-1.4.1, Defendants FIRST STUDENT

4   MANAGEMENT, LLC and FIRST STUDENT, INC. ("Defendants") hereby aver

5   that the above-captioned matter involves all or a material part of the same subject

6   matter and all or substantially all of the same parties as the below-listed actions

7   currently pending in the Los Angeles Superior Court and Northern District of

8   California:

9      • *Galvan v. First Student Management, LLC, First Student, Inc., FirstGroup*

10        *America, Inc., and First Transit, Inc.,* Northern District of California Case

11        No. 4:18-cv-07378-JST, originally filed in state court on November 6,

12        2018, and removed to federal court on December 7, 2018 ("*Galvan*

13        Action"). A true and correct copy of the operative complaint in the *Galvan*

14        Action is attached hereto as Exhibit "A," including the names, addresses,

15        and telephone numbers of the attorneys in such other actions or

16        proceedings.

17     • *Scott, et al. v. First Student, Inc.,* Northern District of California Case No.

18        22-cv-05057-JST, originally filed in state court on July 28, 2022, and

19        removed to federal court on September 29, 2022 ("*Scott* Action"). A true

20        and correct copy of the operative complaint in the *Scott* Action is attached

21        hereto as Exhibit "B," including the names, addresses, and telephone

22        numbers of the attorneys in such other actions or proceedings.

23     • *Guardado v. First Student Management, LLC and First Student, Inc.*, Los

24        Angeles Superior Court Case No. 22STCV33722, filed on October 17,

25        2022 ("*Guardado* PAGA Action"). A true and correct copy of the operative

26        complaint in the *Guardado* PAGA Action is attached hereto as Exhibit "C,"

27        including the names, addresses, and telephone numbers of the attorneys in

28        such other actions or proceedings.

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

4895-1654-1773.1 / 070991-1202

2

NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS

The *Galvan* Action is brought on behalf of a putative class of persons employed by Defendants in hourly or non-exempt positions in California and alleges class claims for: (1) failure to provide meal periods, (2) failure to provide rest periods, (3) failure to pay hourly wages [overtime and minimum], (4) failure to indemnify (Labor Code § 2802); (5) failure to provide accurate written wage statements, (6) failure to timely pay all final wages, (7) unfair competition, and (7) penalties pursuant to the Private Attorneys General Act.

The *Scott* Action is brought on behalf of a putative class of California residents who have worked as bus drivers for First Student, Inc. during the statutory period on claims for: (1) failure to pay minimum wages, (2) failure to provide rest periods, (3) failure to timely pay all wages owed at the time of separation of employment, (4) failure to provide accurate wage statements, and (5) unfair business practices. Plaintiffs also seek to represent alleged aggrieved bus drivers on the same claims under PAGA.

The *Guardado* PAGA Action is brought on behalf of Guardado and other allegedly aggrieved hourly-paid or non-exempt employees who worked for the named Defendants in California, and asserts a single claim for PAGA penalties for: (1) failure to pay overtime wages, (2) failure to provide meal periods, (3) failure to provide rest periods, (4) failure to pay minimum wages, (5) failure to timely pay all final wages, (6) failure to timely pay wages during employment, (7) failure to provide accurate wage statements, (8) failure to keep requisite payroll records, and (9) failure to reimburse for business expenses.

The present case is brought on behalf of a putative class of persons employed by Defendants in hourly or non-exempt positions in California and alleges class claims for: (1) failure to pay overtime wages, (2) failure to provide meal periods, (3) failure to provide rest periods, (4) failure to pay minimum wages, (5) failure to timely pay all final wages, (6) failure to timely pay wages during employment, (7) failure to provide accurate wage statements, (8) failure to keep requisite payroll records, (9)

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

4895-1654-1773.1 / 070991-1202

3

NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS

failure to reimburse for business expenses, and (10) unfair business practices.

The putative class and the class alleged in the present case are entirely subsumed in the earlier-filed *Galvan* action in that the claims in the present case involve the same subject matter and the same parties as the earlier-filed *Galvan* action. Defendants thus intend to file a motion to dismiss or, in the alternative, stay this matter under the first-to-file rule. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Further, the claims in the present case overlap with the concurrently pending *Guardado* PAGA Action. Defendant intends to file a motion to stay or abate with the state court in the *Guardado* PAGA Action.

Dated:        January 30, 2023

                                            LITTLER MENDELSON, P.C.


                                            *s/Jocelyn D. Hannah*
                                            David J. Dow
                                            Jocelyn D. Hannah

                                            Attorneys for Defendants
                                            FIRST STUDENT MANAGEMENT,
                                            LLC AND FIRST STUDENT, INC.

LITTLER MENDELSON,
P.C.
Attorneys at Law
501 W. Broadway, Suite
900
San Diego, CA
92101.3577
619.232.0441

4895-1654-1773.1 / 070991-1202

NOTICE OF PENDENCY OF OTHER
ACTIONS OR PROCEEDINGS

# EXHIBIT A

Shaun Setareh (SBN 204514)
 shaun@setarehlaw.com
William M. Pao (SBN 219846)
 william@setarehlaw.com
SETAREH LAW GROUP
315 South Beverly Drive, Suite 315
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
BARBARA GALVAN

Joseph Lavi (SBN 209776)
 jlavi@lelawfirm.com
Vincent C. Granberry (SBN 276483)
 vgranberry@lelawfirm.com
Anwar D. Burton (SBN 253504)
 aburton@lelawfirm.com
LAVI & EBRAHIMIAN, LLP
8889 West Olympic Boulevard, Suite 200
Beverly Hills, California 90211
Telephone (310) 432-0000
Facsimile (310) 432-0001

Attorneys for Plaintiff
CYNTHIA PROVENCIO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BARBARA GALVAN and CYNTHIA PROVENCIO, on behalf of themselves, all others similarly situated,<br><br>   *Plaintiffs*,<br><br>  vs.<br><br>FIRST STUDENT MANAGEMENT, LLC, a Delaware limited liability company; FIRST STUDENT, INC., a Delaware corporation; FIRSTGROUP AMERICA, INC., a Delaware corporation; FIRST TRANSIT, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>   *Defendants*. | Case No. 18-CV-07378-JST<br><br>**CONSOLIDATED COMPLAINT**<br><br>1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);<br>2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);<br>3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);<br>4. Failure to Indemnify (Lab. Code § 2802);<br>5. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));<br>6. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);<br>7. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);<br>8. Civil Penalties (Lab. Code §§ 2698 *et seq.*);<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Plaintiffs BARBARA GALVAN and CYNTHIA PROVENCIO ("Plaintiffs"), on behalf of themselves, all others similarly situated, and the general public, complains and alleges as follows:

## **INTRODUCTION**

1.      Plaintiffs bring this class and representative action against Defendant FIRST STUDENT MANAGEMENT, LLC, a Delaware limited liability company; FIRST STUDENT, INC., a Delaware corporation; FIRSTGROUP AMERICA, INC., a Delaware corporation; and FIRST TRANSIT, INC., a Delaware corporation, and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiffs allege that Defendants have:

(1)      failed to provide them and all other similarly situated individuals with meal periods;

(2)      failed to provide them with rest periods;

(3)      failed to pay them premium wages for missed meal and/or rest periods;

(4)      failed to pay them at least minimum wage for all hours worked;

(5)      failed to pay them overtime wages at the correct rate;

(6)      failed to pay them double time wages at the correct rate;

(7)      failed to reimburse them for all necessary business expenses;

(8)      failed to provide them with accurate written wage statements; and

(9)      failed to pay them all of their final wages following separation of employment.

2.      Based on these alleged Labor Code violations, Plaintiffs now bring this class and representative action to recover unpaid wages, restitution and related relief on behalf of themselves, all others similarly situated, and the general public.

## **JURISDICTON AND VENUE**

3.      Plaintiff GALVAN filed her action on November 6, 2018 in the Superior Court of the State of California, County of San Mateo.

4.      Defendants removed the GALVAN action to this Court on December 8, 2018

pursuant to the Class Action Fairness Act of 2005 ("CAFA") (28 U.S.C. § 1332(d).)

5.     Plaintiff PROVENCIO filed her action on June 3, 2019 in the Superior Court of the State of California, County of Alameda.

6.     Defendants removed the PROVENCIO action to this Court on July 18, 2019 pursuant to CAFA.

## PARTIES

7.     Plaintiff BARBARA GALVAN is, and at all relevant times mentioned herein, an individual residing in the State of California.

8.     Plaintiff CYNTHIA PROVENCIO is, and at all relevant times mentioned herein, an individual residing in the State of California.

9.     Plaintiffs are informed and believe, and thereupon allege that Defendant FIRST STUDENT MANAGEMENT, LLC is, and at all relevant times mentioned herein, a Delaware limited liability company doing business in the State of California.

10.     Plaintiffs are informed and believe, and thereupon allege that Defendant FIRST STUDENT, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of California.

11.     Plaintiffs are informed and believe, and thereupon allege that Defendant FIRSTGROUP OF AMERICA, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of California.

12.     Plaintiffs are informed and believe, and thereupon allege that Defendant FIRST TRANSIT, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of California.

13.     Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of the doe defendants when ascertained.  Plaintiffs are informed and believe, and thereupon allege that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiffs' alleged damages were proximately caused by these

defendants, and each of them.  Plaintiffs will amend this complaint to allege both the true names and capacities of the doe defendants when ascertained.

14.     Plaintiffs are informed and believe, and thereupon allege that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent and ratification by such other defendants.

15.     Plaintiffs are informed and believe, and thereupon allege that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

## **CLASS ALLEGATIONS**

16.     This action has been brought and may be maintained as a class action pursuant to the Federal Rules of Civil Procedure Rule 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiffs are unaware of any difficulties likely to be encountered in managing this case as a class action.

17.     ***Provencio* Action:**  The class action complaint filed by Cynthia Provencio on June 3, 2019 in the Superior Court of the State of California, County of Alameda, Case No. RG19021391 and subsequently removed to this Court and assigned Case No. 19-cv-04152-RS.

18.     **Relevant Time Period**:  The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

**Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**.

**Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period**.

**Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

**Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members

3

employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**Indemnification Class:** All current and former hourly non-exempt drivers employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in the *Provencio* Action and through the date notice if mailed to a certified class who did not receive indemnification to reimburse them for the necessary expenditures incurred in the discharge of their duty.

**UCL Class**: All **Hourly Employee Class and Expense Reimbursement Class** members employed by Defendants in California during the **Relevant Time Period**.

19. **Reservation of Rights**: Plaintiffs reserve the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

20. **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiffs do not currently know the exact number of class members, Plaintiffs are informed and believe, and thereupon allege that the actual number exceeds the minimum required for numerosity under California law.

21. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

    A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

    B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

    C.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

    D.    Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

    E.    Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

F. Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

G. Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

H. Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

I. Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

22. **Typicality:** Plaintiffs' claims are typical of the other class members' claims. Plaintiffs are informed and believe and thereupon allege that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

23. **Adequacy of Class Representative:** Plaintiffs are adequate class representatives in that they have no interests that are adverse to, or otherwise conflict with, the interests of absent class members and are dedicated to vigorously prosecuting this action on their behalf. Plaintiffs will fairly and adequately represent and protect the interests of the other class members.

24. **Adequacy of Class Counsel:** Plaintiffs' counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiffs or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiffs and absent class members.

25. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would

5

thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## **GENERAL ALLEGATIONS**

26.     Plaintiff GALVAN worked for Defendants as a non-exempt, hourly employee from approximately November 2011 through November 2017.

27.     Plaintiff PROVENCIO was hired by Defendants as a non-exempt, hourly employee on or about June 2018 as a driver and continues to work for Defendants.

### **Off-the-Clock Work**

28.     Plaintiffs and the putative class were not paid all wages earned as Defendants directed, permitted or otherwise encouraged Plaintiffs and the putative class to perform off-the-clock work.

29.     Plaintiffs and the putative class regularly started work before their scheduled work hours and were not paid for this time.  Plaintiffs and the putative class were able to clock in and out for each shift using a timekeeping device located inside the bus they drove.

30.     Plaintiffs and similarly situated drivers worked more minutes per shift than Defendants credited them with having worked.  Specifically, Defendants required Plaintiffs and similarly situated drivers to perform numerous job duties off-the-clock without being paid for that time, including but not limited to the following:

a.     After providing Plaintiffs and similarly situated drivers the addresses for the stops they would be assigned to make each workday, Defendants required Plaintiffs and similarly situated drivers to research and plan their routes;

b.     After Plaintiffs and similarly situated drivers researched and planned their routes, Defendants required Plaintiffs and similarly situated drivers to perform a "dry run" of the routes they planned and stops that they would make in their personal vehicles;

c.     Before clocking in for their shifts each workday, Defendants required

CONSOLIDATED CLASS ACTION COMPLAINT

Plaintiffs and similarly situated drivers to arrive at Defendants' yard before the start of their shift, retrieve the keys to their assigned bus from the office, locate their assigned bus in the unorganized yard, insert the key into the bus's ignition and turn all lights on, open the service door to retrieve the "wand," then wave the "wand" by the bus's on-board sensor in order to clock in for the start of their shift;

d.   Similarly, upon returning to Defendants' yard at the end of their shift, Plaintiffs and similarly situated drivers waived their "wand" to clock out of their shift each workday and, after clocking out, Defendants required that Plaintiffs and similarly situated drivers perform "child checks" to ensure no children had been left on board the bus, hang a sign in the bus window indicating that the "child check" had been performed, reconcile daily paperwork, and return the paperwork and bus key to the office before being released from Defendants' control; and

e.   Finally, Defendants required that Plaintiffs and similarly situated drivers attend various trainings, meetings and biddings without being paid for that time.

31.   Defendants knew or should have known that Plaintiffs and the putative class were performing work before and after their scheduled work shifts and failed to pay Plaintiffs and the putative class for these hours.

32.   As a result of performing off-the-clock work that was directed, permitted and/or otherwise encouraged by Defendants, Plaintiffs and the putative class should have been paid for this time. Instead, Defendants only paid Plaintiffs and the putative class based on the time they were clocked in for their shifts and did not pay Plaintiffs and the putative class for any of the time spent working off-the-clock.

**Missed Meal Periods**

33.   Plaintiff GALVAN and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants'

7

CONSOLIDATED CLASS ACTION COMPLAINT

policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

34.     As a result of Defendants' policy, Plaintiff GALVAN and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff GALVAN and the putative class to work through their meal periods in order to complete their assignments on time.

**Missed Rest Periods**

35.     Plaintiff GALVAN and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

36.     As a result of Defendants' policy, Plaintiff GALVAN and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff GALVAN and the putative class to work through their rest periods in order to complete their assignments on time.

**Expense Reimbursement**

37.     California law requires that every employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in discharge of his or her duties or at the obedience of the directions of the employer.  Moreover, an employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. (Lab. Code § 2802.)

38.     Defendants employed a policy, practice, and/or procedure whereby Defendants passed ordinary businesses expenses to Plaintiff PROVENCIO and similarly situated drivers without reimbursement or indemnification.  Specifically, Defendants maintained a policy, practice, and/or procedure whereby they passed ordinary business expenses to Plaintiff PROVENCIO and similarly situated drivers in multiple regards:

a.     Defendant required Plaintiff PROVENCIO and similarly situated drivers to use either their personal cell phones and/or personal computers in order to research and plan their routes after they were assigned locations and daily stops by Defendants;

b.     Defendants required Plaintiff PROVENCIO and similarly situated drivers to use their personal vehicles to make "dry runs" of the routes that they researched and planned;

c.     Defendants required Plaintiff PROVENCIO and similarly situated drivers to purchase cleaning supplies at their own expense in order to clean their busses as required by Defendants;

d.     On a daily basis, Defendants required Plaintiff PROVENCIO and similarly situated drivers to use their personal cell phones to receive calls and messages from Defendants' dispatch regarding any updates or changes to their daily routes and to contact clients at stops if they were not outside waiting for drivers' arrival or did not come outside in a reasonable amount of time.  In addition, Defendants required that Plaintiff PROVENCIO and similarly situated drivers use their personal cell phones GPS functionality to monitor traffic and ensure they were taking the most efficient route to each stop.

39.     Plaintiff PROVENCIO and similarly situated drivers' out-of-pocket expenditures, vehicle mileage and maintenance costs, and persona cell phone expenses were significant as the result of employment with Defendants.

40.     Defendants employed policies, practices, and procedures which ensured Plaintiff PROVENCIO and similarly situated drivers would not receive indemnification for the aforementioned

9

necessary expenditures incurred as result of their employment with Defendants. Defendants' aforementioned policies, practices, and/or procedures resulted in Plaintiff PROVENCIO and similarly situated drivers not receiving indemnification for employment-related expenditures in compliance with California law.

## **Wage Statements**

41.     Plaintiffs and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

42.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that:

        a.     all hours worked, including overtime, were not included;

        b.     any and all meal and/or rest period premium wages were not included.

43.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that:

        a.     all hours worked, including overtime, were not included.

44.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that:

        a.     all hours worked, including overtime, were not included.

        b.     any and all meal and/or rest period premium wages were not included.

45.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that:

        a.     all hours worked, including overtime, were not included.

## **FIRST CAUSE OF ACTION**

### **FAILURE TO PROVIDE MEAL PERIODS**

### **(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

### **(Plaintiff GALVAN and Meal Period Sub-Class)**

46.     Plaintiff GALVAN incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

10

47. At all relevant times, Plaintiff GALVAN and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

48. Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

49. Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

50. Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

51. Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

52. Section 11 of the applicable Wage Order states:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

53. At all relevant times, Plaintiff GALVAN was not subject to a valid on-duty meal period agreement. Plaintiff GALVAN is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

54. Plaintiff GALVAN alleges that, at all relevant times during the applicable limitations

period, Defendants maintained a policy or practice of not providing Plaintiff GALVAN and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

55.     Plaintiff GALVAN alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

56.     Plaintiff GALVAN alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff GALVAN and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

57.     Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

58.     At all relevant times, Defendants failed to pay Plaintiff GALVAN and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

59.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff GALVAN, on behalf of herself and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

60.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff GALVAN, on behalf of herself and the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

///

///

///

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff GALVAN and Rest Period Sub-Class)**

61.     Plaintiff GALVAN incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

62.     At all relevant times, Plaintiff GALVAN and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

63.     Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

64.     Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

65.     Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

66.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

67.     Plaintiff GALVAN alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

68.     At all relevant times, Defendants failed to pay Plaintiff GALVAN and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

CONSOLIDATED CLASS ACTION COMPLAINT

69.     Specifically, Defendants written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each work period insofar as practicable.

70.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff GALVAN, on behalf of herself and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

71.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff GALVAN, on behalf of herself and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197 and 1198)

### (Plaintiffs and Hourly Employee Class)

72.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

73.     At all relevant times, Plaintiffs and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

74.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

75.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

76.     Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

77.     Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

14

1  damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

2  addition to the underlying unpaid minimum wages and interest thereon.

3       78.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less

4  than the minimum wage required under the applicable Wage Order for all hours worked during a

5  payroll period.

6       79.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

7  person acting either individually or as an officer, agent or employee of another person, to pay an

8  employee, or cause an employee to be paid, less than the applicable minimum wage.

9       80.    Labor Code section 1198 makes it unlawful for employers to employ employees

10  under conditions that violate the applicable Wage Order.

11       81.    Labor Code section 204 requires employers to pay non-exempt employees their

12  earned wages for the normal work period at least twice during each calendar month on days the

13  employer designates in advance and to pay non-exempt employees their earned wages for labor

14  performed in excess of the normal work period by no later than the next regular payday.

15       82.    Labor Code section 223 makes it unlawful for employers to pay their employees

16  lower wages than required by contract or statute while purporting to pay them legal wages.

17       83.    Labor Code section 510 and Section 3 of the applicable Wage Order require

18  employees to pay non-exempt employees overtime wages of no less than one and one-half times

19  their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

20  hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on

21  the seventh consecutive day of one workweek.

22       84.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

23  employers to pay non-exempt employees overtime wages of no less than two times their respective

24  regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

25  worked in excess of eight hours on a seventh consecutive workday during the workweek.

26       85.    Plaintiffs are informed and believe, and thereupon alleges that, at all relevant times,

27  Defendants have applied centrally devised policies and practices to them and **Hourly Employee**

28  **Class** members with respect to working conditions and compensation arrangements.

86.     At all relevant times, Defendants failed to pay hourly wages to Plaintiffs and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

87.     During the relevant time period, Defendants failed to pay Plaintiffs and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiffs and **Hourly Employee Class** members to perform off-the-clock work.

88.     As a result of Defendants' unlawful conduct, Plaintiffs and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

89.     Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiffs, on behalf of themselves and **Hourly Employee Class** members, seek to recover unpaid straight time and overtime wages, interest thereon and costs of suit.

90.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

## **FOURTH CAUSE OF ACTION**

### **FAILURE TO INDEMNIFY**

### **(Lab. Code § 2802)**

### **(Plaintiff PROVENCIO and Indemnification Class)**

91.     Plaintiff PROVENCIO incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

92.     Plaintiff PROVENCIO and members of the **Indemnification Class** have been employed by Defendants in the State of California.  California law requires that Defendants indemnify its employees for all necessary expenditures or losses incurred by the employee in discharge of his or her duties or at the obedience of the directions of the employer.  Moreover, an employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee.  (Lab. Code §

2802.)

93.    Defendants have violated Labor Code section 2802 by failing to indemnify Plaintiff PROVENCIO and the members of the **Indemnification Class** necessary expenditures they incurred in the discharge of their duties.

94.    Specifically, Defendants maintained a policy, practice, and/or procedure whereby they passed ordinary business expenses to Plaintiff PROVENCIO and **Indemnification Class** members in multiple regards:

        (a)    Defendant required Plaintiff PROVENCIO and **Indemnification Class** members to use either their personal cell phones and/or personal computers in order to research and plan their routes after they were assigned locations and daily stops by Defendants;

        (b)    Defendants required Plaintiff PROVENCIO and **Indemnification Class** members to use their personal vehicles to make "dry runs" of the routes that they researched and planned;

        (c)    Defendants required Plaintiff PROVENCIO and **Indemnification Class** members to purchase cleaning supplies at their own expense in order to clean their busses as required by Defendants;

        (d)    On a daily basis, Defendants required Plaintiff PROVENCIO and **Indemnification Class** members to use their personal cell phones to receive calls and messages from Defendants' dispatch regarding any updates or changes to their daily routes and to contact clients at stops if they were not outside waiting for drivers' arrival or did not come outside in a reasonable amount of time.  In addition, Defendants required that Plaintiff PROVENCIO and **Indemnification Class** members use their personal cell phones GPS functionality to monitor traffic and ensure they were taking the most efficient route to each stop.

95.    Moreover, Defendants employed policies and procedures which ensured Plaintiff PROVENCIO and the members of the **Indemnification Class** would not receive indemnification for

their employment-related expenses. This practice resulted in Plaintiff PROVENCIO and members of the **Indemnification Class** not receiving such indemnification in compliance with California law.

96. Because Defendants failed to properly indemnify employees for the necessary expenditures incurred in the discharge of their duty, they are liable to Plaintiff PROVENCIO and the **Indemnification Class** for monies to compensate them for employment-related purposes to Labor Code section 2802.

97. As a direct and proximate result of Defendants' violation of Labor Code section 2802, Plaintiff PROVENCIO and other **Indemnification Class** Members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff PROVENCIO, on behalf of herself and on behalf of the **Indemnification Class**, seek damages and all other relief allowable including indemnification for all employment-related expenses and ordinary business expenses incurred by Defendants and passed onto Plaintiff PROVENCIO and the members of the **Indemnification Class** pursuant to Labor Code section 2802.

98. Pursuant to Labor Code Section 2802, Plaintiff PROVENCIO and members of the **Indemnification Class** are entitled to recover the full indemnification, reasonable attorney fees and costs of suit.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiffs and Wage Statement Penalties Sub-Class)

99. Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

100. Labor Code section 226(a) states:

> "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

101. The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

102. Plaintiffs are informed and believe, and thereupon allege that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

103. Plaintiffs are informed and believe, and thereupon allege that Defendants' failure to provide them and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

104. Plaintiffs and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and

have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

105. Pursuant to Labor Code section 226(e), Plaintiffs, on behalf of herself and **Wage Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiffs and Waiting Time Penalties Sub-Class)

106. Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

107. At all relevant times, Plaintiffs and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

108. At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

109. At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

110. At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to

payment of all final wages within seventy-two (72) hours of giving notice of resignation.

111.     During the applicable limitations period, Defendants failed to pay Plaintiffs all of their final wages in accordance with the Labor Code by failing to timely pay them all of their final wages.

112.     Plaintiffs are informed and believe, and thereupon allege that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

113.     Plaintiff are informed and believe, and thereupon allege that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

114.     Plaintiffs are informed and believe, and thereupon allege that Defendants' failure to timely pay all final wages to them and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

115.     Pursuant to Labor Code sections 203 and 218.6, Plaintiffs, on behalf of themselves and **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

116.     Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200 *et seq.*)

### (Plaintiffs and UCL Class)

117.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged

herein.

118. Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

119. Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

120. California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

121. Plaintiffs and the **UCL Class** members re-allege and incorporate the FIRST, SECOND, THIRD and FOURTH causes of action herein.

122. Plaintiffs lost money or property as a result of the aforementioned unfair competition.

123. Defendants have or may have acquired money by means of unfair competition.

124. Plaintiffs are informed and believe, and thereupon allege that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the Labor Code violations alleged herein.

125. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, by failing to provide non-exempt employees with a paid ten-minute rest period for every four hours worked or  major fraction thereof, by failing to pay non-exempt employees for all hours worked, and by failing to reimburse employees for expenses incurred in the discharge of their duties.

126. At all relevant times, Plaintiffs and **UCL Class** members have been employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

127.    Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq.*  Business and Professions Code sections 17200 *et seq.* protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on behalf of similarly situated persons in a class action proceeding.

128.    As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiffs have suffered an injury-in-fact and has lost money or property in the form of earned wages.  Specifically, Plaintiffs have lost money or property as a result of Defendants' conduct.

129.    Plaintiffs are informed and believe, and thereupon allege that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

130.    Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

131.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

132.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

133.    Pursuant to Business and Professions Code section 17203, Plaintiffs, on behalf of themselves and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

1 and unfair business practices.

2      134.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

3 and/or the common fund doctrine, Plaintiffs and **UCL Class** members are entitled to recover

4 reasonable attorneys' fees in connection with their unfair competition claims.

5 **EIGHTH CAUSE OF ACTION**

6 **CIVIL PENALTIES**

7 **(Lab. Code §§ 2698 *et seq*.)**

8      135.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged

9 herein.

10      136.    During the applicable limitations period, Defendants have violated Labor Code

11 sections 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, 1198 and 2802.

12      137.    Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of

13 herself and other current and former employees, to bring a representative civil action to recover

14 civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need

15 not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

16      138.    Plaintiffs, a former and current employee against who Defendants committed one or

17 more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved

18 employee within the meaning of Labor Code section 2699(c).

19      139.    Plaintiffs have complied with the procedures for bringing suit specified in Labor

20 Code section 2699.3.

21      140.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiffs seek the following civil

22 penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7,

23 510, 512, 1194, 1197, 1198 and 2802:

24           A.    For violations of Labor Code sections 201, 202, 203, 212, 226.7, 1194, 1198

25                and 2802, $100 for each employee per pay period for each initial violation

26                and $200 for each employee per pay period for each subsequent violation

27                (penalties set by Labor Code section 2699(f)(2));

28           B.    For violations of Labor Code section 203, a penalty in an amount not

exceeding thirty days pay as waiting time (penalties set by Labor Code section 256);

C.  For violations of Labor Code section 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 210);

D.  For violations of Labor Code section 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 225.5);

E.  For violations of Labor Code section 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code section 226.3);

F.  For violation of Labor Code sections 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code section 558);

G.  For violations of Labor Code section 1197, $100 for each aggrieved

employee for each initial violation of Labor Code section 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code section 1197.1);

H.     Pursuant to Labor Code section 2699(g), Plaintiffs seek award of reasonable attorneys' fees and costs in connection with their claims for civil penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

(1)     An order that the action be certified as a class action;

(2)     An order that Plaintiffs be appointed class representatives;

(3)     An order that counsel for Plaintiffs be appointed class counsel;

(4)     Unpaid wages;

(5)     Actual damages;

(6)     Liquidated damages;

(7)     Restitution;

(8)     Declaratory relief;

(9)     Pre-judgment interest;

(10)     Statutory penalties;

(11)     Civil penalties;

(12)     Costs of suit;

(13)     Reasonable attorneys' fees; and

(14)     Such other relief as the Court deems just and proper.

///

///

///

///

///

# DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

DATED: April 21, 2020               SETAREH LAW GROUP

                                      */s/ Shaun Setareh*
                                      SHAUN SETAREH
                                      WILLIAM M. PAO
                                      Attorneys for Plaintiff
                                      BARBARA GALVAN

DATED: April 21, 2020               LAVI & EBRAHIMIAN, LLP

                                        */s/ Anwar Burton*
                                      JOSEPH P. LAVI
                                      VINCENT C. GRANBERRY
                                      ANWAR D. BURTON
                                      Attorneys for Plaintiff
                                      CYNTHIA PROVENCIO

# EXHIBIT B

1  Mark R. Thierman, Cal SB# 72913
2  Joshua D. Buck, Cal SB# 258325
   Leah L. Jones, Cal SB#276448
3  Joshua R. Hendrickson, Cal SB# 282180
   THIERMAN BUCK LLP
4  7287 Lakeside Drive
   Reno, NV 89511
5  Tel: (775) 284-1500
6  Email: mark@thiermanbuck.com
   Email: josh@thiermanbuck.com
7  Email: leah@thiermanbuck.com
   Email: joshh@thiermanbuck.com
8

9  Ryan F. Stephan (*Pro Hac Vice forthcoming*)
   James B. Zouras (*Pro Hac Vice forthcoming*)
10 Teresa M. Becvar (*Pro Hac Vice forthcoming*)
   STEPHAN ZOURAS, LLP
11 100 North Riverside Plaza, Suite 2150
   Chicago, IL 60606
12 Tel: (312) 233-1550
13 Email: rstephan@stephanzouras.com
   Email: jzouras@stephanzouras.com
14 Email: tbecvar@stephanzouras.com

15 David J. Cohen (*Pro Hac Vice forthcoming*)
   STEPHAN ZOURAS, LLP
16 604 Spruce Street
   Philadelphia, PA 19106
17 Tel: (215) 873-4836
18 Email: dcohen@stephanzouras.com

19 *Attorneys for Plaintiffs, all other similarly situated*
   *and typical individuals, and the general public*
20

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**07/28/2022**
**Clerk of the Court**
BY: KAREN VALDES
Deputy Clerk

**CGC-22-600961**

21          **SUPERIOR COURT OF CALIFORNIA**

22          **COUNTY OF SAN FRANCISCO**

23 GERMAINE SCOTT and SPYNSIR          Case No.:
24 TUCKER, for themselves, all other similarly-
   situated individuals, and the general public,     **CLASS AND REPRESENTATIVE ACTION**
25                                                    **COMPLAINT, CCP § 382**
          Plaintiffs,
26                                          1)  Rest Period Violations under the California
          v.                                    Labor Code;
27                                          2)  Failure to Pay Minimum Wages in Violation
   FIRST STUDENT, INC.,                         of the California Labor Code;
28
          Defendant.

*Scott v. First Student, Inc.*                                      **COMPLAINT**
Case No.



3) Failure to Provide Accurate Wage Statements in Violation of the California Labor Code;
4) Failure to Timely Pay All Wages Due and Owing in Violation of the California Labor Code;
5) Unfair Business Practices; and
6) Private Attorneys General Act Violations

**JURY TRIAL DEMANDED**

1.  Plaintiffs GERMAINE SCOTT and SPYNSIR TUCKER ("Plaintiffs"), for themselves, all other similarly-situated and typical persons, and for the general public, hereby make the following allegations against FIRST STUDENT, INC. ("First Student" or "Defendant") concerning their acts and status upon actual knowledge and concerning all other matters upon information, belief and the investigation of their counsel, with each allegation being likely to have evidentiary support after a reasonable opportunity for further investigation and discovery:

**NATURE OF THE ACTION**

2.  First Student is a company that employs School Bus Drivers to provide student transportation services to schools around the country. Defendant typically assigns its Drivers to work a split-shift schedule that includes a morning route (driving an assigned route to pick-up children at their homes and take them to school), a split-shift break (free time in which Drivers have no work-related responsibilities and are not paid any wages) and an afternoon route (picking-up children from school and driving an assigned route to take them home).

3.  Plaintiffs are former First Student School Bus Drivers who bring this action to redress common policies and practices that violate the California Labor Law and the California Business and Professions Code by: (1) requiring First Student Drivers to engage in work-related activities before clocking-in for their morning route and after clocking-out of their afternoon route and failing to pay Drivers any wages for this work; and (2) failing to offer or provide First Student Drivers rest breaks during their workday.

**JURISDICTION AND VENUE**

4.  The Superior Court of the State of California, for the County of San Francisco, has original jurisdiction over the state law claims alleged herein pursuant to the California Constitution.

1    5.    Venue is proper in this Court because the Named Plaintiffs performed work for

2    Defendant in this judicial District.

3    **PARTIES**

4    6.    Plaintiff Germaine Scott is an individual who resides in Alameda, California and

5    worked as an hourly-paid First Student School Bus Driver from a depot located in San Francisco,

6    California from approximately August 2001 to June 2021. Plaintiff is personally familiar with, and

7    has been personally affected by, the policies and practices described in this Complaint as a result

8    of his employment with Defendant.

9    7.    Plaintiff Spynsir Tucker is an individual who resides in San Francisco, California

10   and worked as an hourly-paid First Student School Bus Driver from a depot located in San

11   Francisco, California from approximately July 2017 to July 2021. Plaintiff is personally familiar

12   with, and has been personally affected by, the policies and practices described in this Complaint as

13   a result of her employment with Defendant.

14   8.    First Student is a Delaware Corporation based in Cincinnati, Ohio.[1] First Student is

15   "the largest student transportation service provider in North America, providing over 900 million

16   student journeys a year to approximately 1,000 school districts."[2] Throughout the relevant period,

17   First Student has owned and exercised operational control over all significant business functions

18   relating to Plaintiffs and all of its Drivers, including: setting and implementing the compensation,

19   hours of work, scheduling and timekeeping policies and practices at issue in this matter, providing

20   training on these policies and practices, scheduling their school bus and charter work, tracking their

21   work time and setting and paying their wages.

22   / / /

23

24

25   [1] *See https://firststudentinc.com/about-us/* (accessed June 23, 2022).

26   [2] *See* EQT Infrastructure to acquire First Student and First Transit, the market leading providers of
27   essential North American transportation services, for USD 4.6bn (Apr. 23, 2021),
     *https://www.prnewswire.com/news-releases/eqt-infrastructure-to-acquire-first-student-and-first-*
28   *transit-the-market-leading-providers-of-essential-north-american-transportation-services-for-*
     *usd-4-6bn-301275719.html* (accessed June 23, 2022).

1                               **STATEMENT OF COMMON FACTS**

2         9.      Defendant employs hourly School Bus Drivers who transport children from home

3 to school and back each weekday from early September to mid-June. Among other things, First

4 Student's Drivers operate and maintain its vehicles, provide safe, high-quality transportation

5 services to its clients, perform pre- and post-trip vehicle inspections, complete written reports

6 concerning passengers, accidents and incidents and provide excellent customer service.

7         10.     Defendant maintains common compensation, hours of work, scheduling and

8 timekeeping policies and procedures for its hourly School Bus Drivers, who are typically assigned

9 to work approximately 30-35 hours each week, meaning that the unpaid pre-shift and post-shift

10 work sought in this action is owed at a straight-time rate, or at the very least a minimum wage rate.

11         11.     Defendant's common policies are applied state-wide:

12
13         a.   Require all Drivers to perform all necessary safety checks and risk
              assessments in their work area before they do any work;

14         b.   Require all Drivers to keep their work area clean and tidy at all times;

15         c.   Require all Drivers to properly care for all equipment;

16
17         d.   Require all Drivers to report and record all hours worked each workday
              by the end of their next scheduled shift;

18
19         e.   Prohibit Drivers from editing their time records for any purpose other
              than to correct a mistake;

20         f.   Prohibit First Student employees from instructing or encouraging
21               Drivers to work off the clock, but do no not prohibit Drivers from
              working off the clock;

22         g.   Require all Drivers to arrive at work on time for each scheduled
23               workday and provide that even one instance of tardiness may be
              considered excessive; and

24
25         h.   Impose a threat of disciplinary action up to, and including, termination
              for any violation of these policies.

26 /// 

27

28

Scott v. First Student, Inc.                - 3 -                     **COMPLAINT**
Case No.

1

***Unpaid Pre-Shift Work***

2          12.      First Student assigns its Drivers a route start-time each day (*i.e.,* 6:30 a.m.) that

3    represents the time they are expected to drive their vehicle out of their depot to begin their morning

4    route. If a Driver does not drive his or her vehicle out of their depot by their scheduled route start-

5    time, they are marked late and subject to progressive discipline up to, and including, termination.

6          13.      To begin their morning route on time, First Student Drivers must arrive at their depot

7    at least 20-30 minutes early to perform work-related activities that include: walking from the

8    parking lot to the dispatch office, waiting in line with other Drivers to receive their vehicle

9    assignment and keys, walking back from the dispatch office to the parking lot to find their assigned

10   vehicle, opening and warming-up their bus, starting-up their Zonar Systems Fleet Management

11   tracking device ("Zonar"), using the Zonar Logs function to record their daily start-time for payroll

12   purposes, and pulling their vehicle out of the depot to begin their route.

13         14.      Following this required procedure causes Defendant's Drivers to routinely record

14   daily start-times that are at least 20-30 minutes after the time they actually started working each

15   day, meaning that Defendant does not track – or pay its Drivers to perform – approximately 1.7 to

16   2.5 hours of pre-shift work each week.[3]

17         15.      Defendant knows its Drivers are performing unpaid pre-shift work, because it: sets

18   Drivers' scheduled start-times, sets Drivers' pre-trip routine, including all tasks to be done, interacts

19   with Drivers during their pre-trip routine, and trains Drivers that they may only log-in using their

20   Zonar device after completing their daily pre-trip routine and immediately before pulling out of the

21   parking lot to begin their route.

22         16.      Throughout their employment, Plaintiffs have spoken to other First Student Drivers

23   about performing unpaid pre-shift work. Based on these discussions, Plaintiffs have learned that

24   Defendant's failure to track time and pay wages for pre-shift work is a significant problem about

25   which Drivers routinely complain, both among each other and to management.

26   / / /

27   _____

28   [3] For a period of time, Defendant instituted a policy to pay Drivers for 10 minutes of pre-trip and/or
     post-trip work performed each day, but the policy was inconsistently applied and eventually
     abandoned.

***Unpaid Post-Shift Work***

17.    As soon as they return their vehicle to the depot at the end of their route, First Student Drivers park their vehicle, turn off their vehicle, record their mileage, and use the Zonar Logs function to record their daily end-time for payroll purposes.

18.    After Defendant's Drivers are "off-the-clock" for payroll purposes, they are required to perform additional work-related activities that include: refilling their vehicle with gas, completing a post-trip inspection of their vehicle, shutting down and securing their Zonar device, walking from their parking space to the dispatch office, waiting in line to turn-in their keys and paperwork, turning-in their keys and any required paperwork (including seating charts, exception sheets, incident reports, disciplinary/infraction reports, and child behavior reports) to the dispatcher, and addressing any work-related issues their manager may raise.

19.    Following this required procedure causes Defendant's Drivers to record daily end-times that are at least 15-30 minutes before the time they actually finish working each day meaning that Defendant does not track – or pay its Drivers to perform – roughly 1.25 to 2.5 hours of post-shift work each week.

20.    Defendant knows its Drivers are performing unpaid post-shift work, because it: sets Drivers' post-trip routine, including all tasks to be done, interacts with Drivers during their post-trip routine, and trains Drivers that they must log-out using their Zonar device immediately after completing their daily post-trip routine on the bus, but before they leave the vehicle to complete the rest of their required work.

21.    Throughout their employment, Plaintiffs have spoken to other First Student Drivers about performing unpaid post-shift work. Based on these discussions, Plaintiffs have learned that Defendant's failure to track time and pay wages for post-shift work is a significant problem about which Drivers routinely complain, both among each other and to management.

***Failure to Provide Rest Breaks***

22.    Defendant schedules Drivers to work a split-shift schedule consisting of a morning route lasting a minimum of 3 hours and an afternoon route lasting a minimum of 3 hours. Routes

1   would often take longer to complete than scheduled because of traffic, road conditions, student

2   behavioral or health issues, or bus maintenance problems.

3       23.    Defendant does not offer or provide Drivers with a rest break of any length during

4   either their morning route or their afternoon route and, in fact, requires Drivers to work continually

5   through these routes with no rest breaks.

6                          **CALIFORNIA CLASS ACTION ALLEGATIONS**

7       24.    Plaintiffs re-allege and incorporate by this reference all the paragraphs above in this

8   Complaint as though fully set forth herein.

9       25.    Plaintiffs bring this action for themselves and, under California Code of Civil

10  Procedure § 382, as a class action on behalf of the following similarly situated and typical persons:

11              All California residents who have worked as a First Student School
12              Bus Driver at any time within four (4) years from the date of filing
                this Complaint through the date of any judgment entered in this
13              action (the "Class").

14      26.    The Class may be further subdivided into the following sub-classes of similarly-

15  situated and typical individuals based upon the divergent statute of limitations period for various

16  claims asserted herein (collectively "the Sub-Classes" or "Sub-Class Members"):

17              Itemized Wage Statement Subclass: All Class members who were
18              employed at any time during the relevant time period alleged herein.

19              Waiting Time Penalties Subclass: All Class members who are
                former employees and who were employed at any time during the
20              relevant time period alleged herein.

21
22      27.    Plaintiffs reserve the right to revise these definitions or propose any further

23  appropriate sub-class(es) as needed in response to any facts learned through discovery, legal

24  arguments advanced by Defendant, or otherwise.

25      28.    Class treatment is appropriate in this action because:

26              a.    The Class is Sufficiently Numerous: Defendant has employed hundreds of

27  people as School Bus Drivers in California during the relevant time period. Because Defendant

28  must keep accurate payroll records for all of these employees, these records will permit

identification of the Class members and demonstrate their numerosity. Moreover, the common

1    disposition of all Class members' claims by way of a class action will provide substantial benefits,

2    economies and savings to the parties and the court.

3       b.  Common Questions of Law and Fact Exist: Common questions of law and

4    and fact exist and predominate as to Plaintiffs and the Class members, including: whether

5    Defendant maintains common policies and practices of not offering and/or providing periods of

6    rest to its Drivers; whether Defendant maintains common policies and practices that do not allow

7    its Drivers to accurately record all of their pre- and post-shift work time; and whether Defendant

8    has knowingly failed to pay its Drivers all wages owed for the work they have actually performed.

9    The legality of Defendant's policies and practices will be determined by applying generally

10   applicable legal principles to common evidence.

11      c.  Plaintiffs' Claims are Typical of Those Belonging to the Class Members:

12   Plaintiffs worked for the same employer as the other Class members, held the same job as the other

13   Class members, performed the same work as the other Class members, worked the same schedule

14   as the other Class members, and were governed by the same policies and practices as the other

15   Class members. As such, Plaintiffs do not have any interests that conflict with the interests of the

16   other Class members.

17      d.  Plaintiffs Are Adequate Class Representatives: Plaintiffs will fairly and

18   adequately protect and represent the interests of the Class because they are members of the Class,

19   have issues of law and fact in common with the Class members, have interests that are not

20   antagonistic to the Class members, are committed to the vigorous prosecution of this lawsuit and

21   have retained counsel who are competent and experienced in the litigation of complex class action

22   matters.

23      e.  Predominance and Superiority: Class claims predominate, and a class

24   action is superior to other available means for the fair and efficient adjudication of the

25   controversies presented in this action, because Plaintiffs and the Class members have been harmed,

26   and are entitled to pursue recovery of their damages, by reason of Defendant's common, illegal

27   course of conduct. The relatively low value of the claims presented here will not result in the

28   prosecution of individual claims by the majority of Class members and, even if this occurred, the

1  prosecution of individual claims would tend to establish inconsistent standards of conduct for

2  Defendant and result in the impairment of Class members' rights and the disposition of their

3  interests through separate actions.

## FIRST CAUSE OF ACTION

### Rest Period Violations under the California Labor Code

### (On Behalf of Plaintiffs and All Class Members)

7      29.   Plaintiffs re-allege and incorporate by reference the allegations contained in the

8  preceding paragraphs as though fully set forth herein.

9      30.   Under California law, rest periods are considered hours worked for which

10  compensation must issue.

11      31.   California Labor Code § 226.7(b) provides: "An employer shall not require an

12  employee to work during a … rest or recovery period mandated pursuant to an applicable statute,

13  or … order of the [Industrial Welfare Commission]."

14      32.   California Labor Code § 226.7(c) provides: "If an employer fails to provide an

15  employee a … rest or recovery period in accordance with a state law … the employer shall pay the

16  employee one additional hour of pay at the employee's regular rate of compensation for each

17  workday that the … rest or recovery period is not provided."

18      33.   Wage Order No. 9 provides: "Every employer shall authorize and permit all

19  employees to take rest periods, which insofar as practicable shall be in the middle of each work

20  period. The authorized rest period time shall be based on *the total hours worked daily* at the rate

21  of ten (10) minutes net rest time per four (4) hours or major fraction thereof." IWC Wage Order 9-

22  2001, § 12 (emphasis added); Cal. Code Regs., 8 § 11090(12)(A). Like Section 226.7(c), Wage

23  Order No. 9 further requires an employer who fails to provide an employee a rest period in

24  accordance with the wage order's provisions to pay the employee one hour of pay at the employee's

25  regular rate of compensation for each workday the employer did not provide the employee with the

26  rest period. Cal. Code Regs., 8 § 11090(12)(B). The "regular rate of compensation" means the

27  employee's "regular rate of pay." *Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858 (2021).

28

34.    The number of required rest breaks depends upon the total daily hours worked, as set forth below:

| Hours Worked | Number of 10 Minute Rest Breaks |
|---|---|
| 0 to 3:29 hours | 0 |
| 3:30 to 6 hours | 1 |
| 6:01 to 10 hours | 2 |

35.    Defendant scheduled Plaintiffs and the Class members to work a split-shift schedule consisting of a morning route lasting a minimum of 3 hours and an afternoon route lasting a minimum of 3 hours, in addition to requiring Plaintiffs and the Class members to perform roughly 35-60 minutes of "off-the-clock" pre-shift and post-shift work each day. Therefore, Plaintiffs and members of the class regularly worked in excess of six (6) hours per workday and were legally required to receive two (2) 10-minute paid rest breaks.

36.    Defendant did not offer or provide Plaintiffs or the Class members with a rest break of any length during either their morning route or their afternoon route and, in fact, required Plaintiffs and the Class members to work continually through these routes with no rest break.

37.    As a result of Defendant's failure to offer and/or provide Plaintiffs and members of the Class any rest breaks during their employment, Defendant has violated California Labor Code § 226.7(b)-(c) and Wage Order No. 9, Plaintiffs and the Class members seek to recover the unpaid wages of two (2) 10-minute paid rest break hours worked at their regular rate of pay for every workday they worked in excess of six (6) hours, plus a penalty of one hour's pay for each workday they were denied a rest period, together with plus attorney's fees, costs and interest.

## SECOND CAUSE OF ACTION

### Failure to Pay Minimum Wages in Violation of the California Labor Code

### (On Behalf of Plaintiffs and All Class Members)

38.    Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

39.     California Labor Code § 1194 provides that "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

40.     California Labor Code § 1197 empowers the Industrial Welfare Commission to fix the minimum wage and states that "the payment of a less wage than the minimum so fixed is unlawful."

41.     Section 4 of Wage Order No. 9 requires Defendant to pay its employees minimum wages for all hours worked.

42.     Because Defendant failed to pay Plaintiffs and Class members any wages for the approximately 1.7 to 2.5 hours of "off-the-clock" pre-shift work they performed each week and the approximately 1.25 to 2.5 hours of "off-the-clock" post-shift work they performed each week, Defendant failed to provide Plaintiffs and Class members with the required minimum wage for these hours.

43.     For Defendant's violation of California Labor Code §§ 1194 and 1197, Plaintiffs and the Class members seek their full minimum unpaid wages and civil penalties under Labor Code § 1197.1 and § 2699 including $100 for the first minimum wage violation and $250 for each subsequent minimum wage violation plus civil penalties under Labor Code § 558 including $50 for the first minimum wage violation and $100 for each subsequent minimum wage violation and liquidated damages under Labor Code § 1194.2(a) in an amount equal to their withheld wages plus interest.

### THIRD CAUSE OF ACTION

**Failure to Provide Accurate Wage Statements in Violation of the California Labor Code**

**(On Behalf of Plaintiffs and All Itemized Wage Statement Sub-Class Members)**

44.     California Labor Code § 226(a) requires employers to provide every employee with an accurate, itemized, written statement showing, among other things, the total hours each employee has worked in each pay period and the number of hours worked at each hourly rate.

45.     Defendant did not provide Plaintiffs or the Class members with a wage statement meeting the requirements of California Labor Code § 226(a), because it knowingly and intentionally maintained common policies and practices that prevented Plaintiffs and the Class members from tracking or recording any of the time they worked before their morning shift or after their afternoon shift for payroll purposes and failed to provide them with legally compliant rest breaks.

46.     Defendant did not provide Plaintiffs or the Class members with a wage statement meeting the requirements of California Labor Code § 226(a), because it knowingly and intentionally provided Plaintiffs and the Class members with common training that led them not to track or record any of the time they worked before their morning shift or after their afternoon shift for payroll purposes and failed to provide them with legally compliant rest breaks.

47.     Defendant's knowing and intentional failure to comply with California Labor Code § 226(a) resulted in the production of wage statements that did not include all of the hours Plaintiffs and the Class members actually worked, the rates of pay owed for those hours, or the rest breaks they were denied. These omissions prevented Plaintiffs and the Class members from knowing the total number of hours they actually worked each week, calculating the value of their correct wage payments, or pursuing recovery of the total wages and premium payments they should have earned.

48.     For Defendant's violation of California Labor Code § 226(a), Plaintiffs and the Class members seek injunctive relief requiring Defendant to provide legally-compliant wage statements, statutory damages of $50 per employee for the initial violation and $100 per employee for each subsequent violation under Labor Code § 226(e) and civil penalties of $250 per employee per violation under Labor Code § 226.3.

## FOURTH CAUSE OF ACTION

**Failure to Timely Pay All Wages Due and Owing in Violation of the California Labor Code**

**(On Behalf of Plaintiffs and All Waiting Time Penalties Sub-Class Members)**

49.     Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

50. California Labor Code § 201(a) provides that, upon discharging an employee, the employer must immediately pay that (former) employee all wages earned and unpaid at the time of discharge.

51. California Labor Code § 202(a) provides that, when an employee quits their position, all wages earned and unpaid must be paid within 72 hours.

52. Defendant did not provide Plaintiffs or the Class members who are their former employees with separation wages as required by California Labor Code § 201(a) or § 202(a), because it knowingly and intentionally maintained common policies and practices that prevented Plaintiffs and the Class members from tracking or recording any of the time they worked before their morning shift or after their afternoon shift for payroll purposes, so did not pay – and still have not paid – any wages to any employee for this work, nor have they compensated Plaintiffs and the Class members wages or the premium payments for missed rest periods.

53. Defendant did not provide Plaintiffs or any of the Class members who are their former employees with separation wages as required by California Labor Code § 201(a) or § 202(a), because it knowingly and intentionally provided Plaintiffs and the Class members with common training that led them not to track or record any of the time they worked before their morning shift or after their afternoon shift for payroll purposes, so did not pay – and still have not paid – any wages to any employee for this work.

54. Defendant's knowing and intentional failure to comply with California Labor Code § 201(a) and § 202(a) has caused the Class members who are their former employees not to be timely paid the separation wages owed to them.

55. For Defendant's violation of California Labor Code § 201(a) and § 202(a), Plaintiffs and the Class members who no longer work for Defendant each seek statutory damages measured by 30 days'-worth of wages under Labor Code § 203(a).

/ / /

# FIFTH CAUSE OF ACTION

## Unfair Business Practices

### (On Behalf of Plaintiffs and All Class Members)

56.     Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

57.     The Unfair Competition Law generally prohibits: "any unlawful, unfair or fraudulent business act or practice." Bus. & Prof. Code § 17200. "Any business act or practice that violates the Labor Code through failure to pay wages is, by definition, an unfair business practice." *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178 (2000).

58.     Earned wages and rest period premiums that are due and payable under the Labor Code are recoverable as restitution under the UCL not only because those wages are property belonging to the employee that have been unwillingly surrendered as the result of an unfair business practice, but also because Defendant's failure to pay those wages unfairly decreased its labor costs and provided it with an unfair advantage in competing with other companies that pay their employees all earned wages in accordance with the Labor Code.

59.     Defendant violated the Labor Code, and thereby the UCL, by knowingly and intentionally maintaining common policies and practices that prevented Plaintiffs and the Class members from tracking or recording any of the time they worked before their morning shift or after their afternoon shift for payroll purposes so did not pay any wages for this work.

60.     Defendant also violated the Labor Code, and thereby the UCL, by knowingly and intentionally maintaining common policies and practices that failed to offer or provide Plaintiffs and the Class members with legally compliant rest breaks.

61.     As a result, Plaintiffs and Class members seek injunctive relief requiring Defendant to cease the business practices described in this Complaint and seek restitution of all wages owed for the unpaid pre-shift and post-shift work, all their rest break wages, and all rest break premium payments that are owed to Plaintiffs and the Class members. *Clark v. Superior Court*, 50 Cal. 4th 605, 610 (2010).

/ / /

**SIXTH CAUSE OF ACTION**

**Private Attorneys General Act Violation**

**(On Behalf of Plaintiffs, Aggrieved Employees and the State of California)**

62.    Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

63.    Labor Code § 2699(a) states:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

64.    Plaintiffs and all Class members who were employed by Defendant at any time within one (1) year of the filing of the PAGA letter are "aggrieved employees" as that term is defined in the California Labor Code Private Attorney General Act of 2004, because they are current or former employees of the alleged violator and against whom one or more of the alleged violations was committed.

65.    Pursuant to California Labor Code § 2699, *et seq.*, Plaintiffs filed the requisite letter with California's Labor Workforce Development Agency ("LWDA") on July 6, 2022.

66.    Plaintiffs bring this action on behalf of themselves and all aggrieved employees who were subject to Defendant's failure to pay Plaintiffs and all aggrieved employees for all hours they worked at the applicable minimum, regular, and overtime wage rate; its failure to comply with California's meal and rest break laws; its failure to provide accurate wage statements; and its failure to pay Plaintiffs and aggrieved employees who are former employees all their wages due and owing upon termination.

67.    Plaintiffs, on behalf of themselves, and in a representative capacity on behalf of all aggrieved employees, demand the maximum civil penalty specified in Labor Code § 2699 in the amount of one hundred dollars ($100) for Plaintiffs and each aggrieved employee per period for

1   the initial violation and two hundred dollars ($200) per pay period for each subsequent violation

2   for violations of Labor Code §§ 201-204, 226, 226.7, 510, 1194, 1197, and 1198.

3          68.    These penalties are recoverable in addition to any other civil penalty separately

4   recoverable by law.

5                                    **JURY DEMAND**

6          Plaintiffs hereby respectfully demand a trial by jury on all issues so triable.

7                                  **PRAYER FOR RELIEF**

8          Wherefore Plaintiffs, individually, for all Class members and for the general public, hereby

9   pray for relief as follows relating to their class and representative action allegations:

10              a.    For an order certifying this action as a class action on behalf of the
                     proposed Class and Sub-Classes;
11

12              b.    For an order appointing Plaintiffs as the Representatives of the Class
                     and Sub-Classes and for an order appointing their counsel as Class
13                   Counsel;

14              c.    For damages according to proof for their regular rate and/or
                     minimum rate, whichever is applicable, for all hours worked under
15                   state law;

16
                d.    For damages according to proof for all rest break wages at the
17                   regular rate of pay;

18              e.    For damages according to proof for all rest break premiums;
19
                f.    For liquidated damages;
20
                g.    For statutory penalties;
21

22              h.    For civil penalties;

23              i.    For waiting time penalties;

24              j.    For penalties pursuant to PAGA;

25              k.    For interest as provided by law at the maximum legal rate;

26
                l.    For reasonable attorneys' fees authorized by statute;
27
                m.    For costs of suit incurred herein;
28

n.     For pre- and post-judgment interest, as provided by law; and

o.     For such further relief as the Court may deem just and proper.


Dated: July 28, 2022         */s/ Leah L. Jones*_____
                                        THIERMAN BUCK LLP
                                        Mark R. Thierman
                                        Joshua D. Buck
                                        Leah L. Jones
                                        Joshua R. Hendrickson


                                    *s/ Ryan F. Stephan*_____
                                        STEPHAN ZOURAS, LLP
                                        Ryan F. Stephan (*PHV forthcoming*)
                                        James B. Zouras (*PHV forthcoming*)
                                        Teresa M. Becvar (*PHV forthcoming*)
                                        David J. Cohen (*PHV forthcoming*)


                                    *Attorneys for Plaintiffs, all other similarly situated and typical individuals and the general public*

# EXHIBIT C

22TRCV00967

Assigned for all purposes to: Inglewood Courthouse, Judicial Officer: Ronald Frank

Electronically FILED by Superior Court of California, County of Los Angeles on 10/17/2022 05:46 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Carini, Deputy Clerk

1   Edwin Aiwazian (SBN 232943)
2   **LAWYERS for JUSTICE, PC**
    410 West Arden Avenue, Suite 203
    Glendale, California 91203
3   Tel: (818) 265-1020
    Fax: (818) 265-1021
4
    *Attorneys for* Plaintiff
5
6
7
8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9               **FOR THE COUNTY OF LOS ANGELES**
10
11  MARIA GUARDADO, individually, and on      Case No.: **22TRCV00967**
    behalf of other aggrieved employees
12  pursuant to the California Private Attorneys   **COMPLAINT FOR ENFORCEMENT**
    General Act;                                **UNDER THE PRIVATE ATTORNEYS**
13                                              **GENERAL ACT, CALIFORNIA LABOR**
                Plaintiff,                      **CODE § 2698, ET SEQ.**
14
        vs.                                     Violation of California Labor Code §
15                                              2698, et seq. (California Labor Code
    FIRST STUDENT MANAGEMENT, LLC,              Private Attorneys General Act of 2004)
16  a California limited liability company;
    FIRST STUDENT, INC., an unknown
17  business entity; and DOES 1 through 100,    **DEMAND FOR JURY TRIAL**
    inclusive,
18
                Defendants.
19
20
21
22
23
24
25
26
27
28

*Sidebar:* LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

1    COMES NOW, Plaintiff MARIA GUARDADO ("Plaintiff"), individually, and on

2    behalf of other aggrieved employees pursuant to the California Private Attorneys General

3    Act, and alleges as follows:

4                            **JURISDICTION AND VENUE**

5         1.      This representative action is brought pursuant to the California Labor Code

6    section 2698, et seq.  The civil penalties sought by Plaintiff exceed the minimal jurisdiction

7    limits of the Superior Court and will be established according to proof at trial.  The "amount

8    in controversy" for the named Plaintiff, including claims for compensatory damages,

9    restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than

10   seventy-five thousand dollars ($75,000).

11        2.      This Court has jurisdiction over this action pursuant to the California

12   Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in

13   all other causes" except those given by statute to other courts.  The statutes under which this

14   action is brought do not specify any other basis for jurisdiction.

15        3.      This Court has jurisdiction over Defendants because, upon information and

16   belief, each Defendant is a citizen of California, has sufficient minimum contacts in

17   California, or otherwise intentionally avails itself of the California market so as to render the

18   exercise of jurisdiction over it by the California courts consistent with traditional notions of

19   fair play and substantial justice.

20        4.      Venue is proper in this Court because, upon information and belief, each

21   Defendant maintains offices, has agents, and/or transacts business in the State of California,

22   including the County of Los Angeles.  The majority of the acts and omissions alleged herein

23   relating to Plaintiff and the other aggrieved employees took place in the State of California,

24   including the County of Los Angeles.

25                                 **PARTIES**

26        5.      Plaintiff MARIA GUARDADO is an individual residing in the State of

27   California.

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

6. Defendant FIRST STUDENT MANAGEMENT, LLC at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Los Angeles.

7. Defendant FIRST STUDENT, INC. at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Los Angeles.

8. At all relevant times, Defendants FIRST STUDENT MANAGEMENT, LLC and FIRST STUDENT, INC. were the "employer" of Plaintiff within the meaning of all applicable state laws and statutes.

9. At all times herein relevant, FIRST STUDENT MANAGEMENT, LLC, FIRST STUDENT, INC., and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

10. The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

11. FIRST STUDENT MANAGEMENT, LLC, FIRST STUDENT, INC., and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    12.    Plaintiff further alleges that Defendants including the unknown defendants

2    identified as DOES, directly or indirectly controlled or affected the working conditions,

3    wages, working hours, and conditions of employment of Plaintiff and the other aggrieved

4    employees so as to make each of said Defendants employers and employers liable under the

5    statutory provisions set forth herein.

6    **PAGA ALLEGATIONS**

7    13.    At all times herein set forth, PAGA was applicable to Plaintiff's employment

8    by Defendants.

9    14.    At all times herein set forth, PAGA provides that any provision of law under

10    the California Labor Code that provides for a civil penalty to be assessed and collected by the

11    LWDA for violations of the California Labor Code may, as an alternative, be recovered

12    through a civil action brought by an aggrieved employee on behalf of herself and other

13    current or former employees pursuant to procedures outlined in California Labor Code

14    section 2699.3.

15    15.    Pursuant to PAGA, a civil action under PAGA may be brought by an

16    "aggrieved employee," who is any person that was employed by the alleged violator and

17    against whom one or more of the alleged violations was committed.

18    16.    Plaintiff was employed by Defendants and the alleged violations were

19    committed against her during her time of employment and she is, therefore, an aggrieved

20    employee. Plaintiff and the other employees are "aggrieved employees" as defined by

21    California Labor Code section 2699(c) in that they are all current or former employees of

22    Defendants, and one or more of the alleged violations were committed against them.

23    17.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved

24    employee, including Plaintiff, may pursue a civil action arising under PAGA after the

25    following requirements have been met:

26    a.    The aggrieved employee shall give written notice by online submission

27    (hereinafter "Employee's Notice") to the Labor & Workforce

28    Development Agency (hereinafter "LWDA") and by U.S. Certified

3

1  Mail to the employer of the specific provisions of the California Labor

2  Code alleged to have been violated, including the facts and theories to

3  support the alleged violations.

4      b.    The LWDA shall provide notice (hereinafter "LWDA Notice") to the

5  employer and the aggrieved employee by certified mail that it does not

6  intend to investigate the alleged violation within sixty (60) calendar

7  days of the postmark date of the Employee's Notice.  Upon receipt of

8  the LWDA Notice, or if the LWDA Notice is not provided within

9  sixty-five (65) calendar days of the postmark date of the Employee's

10  Notice, the aggrieved employee may commence a civil action pursuant

11  to California Labor Code section 2699 to recover civil penalties in

12  addition to any other penalties to which the employee may be entitled.

13      18.    On August 11, 2022, Plaintiff provided written notice by online submission to

14  the LWDA and by U.S. Certified Mail to Defendants FIRST STUDENT MANAGEMENT,

15  LLC and FIRST STUDENT, INC. of the specific provisions of the California Labor Code

16  alleged to have been violated, including the facts and theories to support the alleged

17  violations.  Plaintiff has not received an LWDA Notice within sixty-five (65) calendar days

18  of the date of Plaintiff's notice.

19      19.    Therefore, Plaintiff has satisfied the administrative prerequisites under

20  California Labor Code section 2699.3(a) to recover civil penalties against Defendants for

21  violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a),

22  558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802.

23  **GENERAL ALLEGATIONS**

24      20.    At all relevant times set forth herein, Defendants employed Plaintiff and other

25  aggrieved hourly-paid or non-exempt employees who worked for any of the Defendants in

26  the State of California (hereinafter collectively referred to as the "other aggrieved

27  employees").

28  ///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

21.     Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee from approximately October 2021 to approximately March 2022 in the State of California, County of Los Angeles.

22.     Defendants hired Plaintiff and the other aggrieved employees, and failed to compensate them for all hours worked, missed meal periods or rest breaks.

23.     Defendants had the authority to hire and terminate Plaintiff and the other aggrieved employees, to set work rules and conditions governing Plaintiff's and the other aggrieved employees' employment, and to supervise their daily employment activities.

24.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other aggrieved employees' employment for them to be joint employers of Plaintiff and the other aggrieved employees.

25.     Defendants directly hired and paid wages and benefits to Plaintiff and the other aggrieved employees.

26.     Defendants continue to employ hourly-paid or non-exempt employees, within the State of California.

27.     Plaintiff and the other aggrieved employees worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees. This scheme involved, *inter alia*, failing to pay them for all hours worked and for missed (short, late, interrupted, and altogether missed) meal periods and rest breaks in violation of California law.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other aggrieved employees the required rest and meal

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

1  periods during the relevant time period as required under the Industrial Welfare Commission

2  Wage Orders and thus they are entitled to any and all applicable penalties.

3       31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

4  knew or should have known that Plaintiff and the other aggrieved employees were entitled to

5  receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other

6  aggrieved employee's regular rate of pay when a meal period was missed, and they did not

7  receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other

8  aggrieved employee's regular rate of pay when a meal period was missed.

9       32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

10  knew or should have known that Plaintiff and the other aggrieved employees were entitled to

11  receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other

12  aggrieved employees' regular rate of pay when a rest period was missed, and they did not

13  receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other

14  aggrieved employees' regular rate of pay when a rest period was missed.

15       33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

16  knew or should have known that Plaintiff and the other aggrieved employees were entitled to

17  receive at least minimum wages for compensation and that they were not receiving at least

18  minimum wages for all hours worked.

19       34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

20  knew or should have known that Plaintiff and the other aggrieved employees were entitled to

21  receive all wages owed to them upon discharge or resignation, including overtime and

22  minimum wages and meal and rest period premiums, and they did not, in fact, receive all

23  such wages owed to them at the time of their discharge.

24       35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

25  knew or should have known that Plaintiff and the other aggrieved employees were entitled to

26  receive all wages owed to them during their employment.  Plaintiff and the other aggrieved

27  employees did not receive payment of all wages, including overtime and minimum wages

28  ///

6

1    and meal and rest period premiums, within any time permissible under California Labor

2    Code section 204.

3        36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

4    knew or should have known that Plaintiff and the other aggrieved employees were entitled to

5    receive complete and accurate wage statements in accordance with California law, but, in

6    fact, they did not receive complete and accurate wage statements from Defendants. The

7    deficiencies included, *inter alia*, the failure to include the total number of hours worked by

8    Plaintiff and the other aggrieved employees.

9        37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

10   knew or should have known that Defendants had to keep complete and accurate payroll

11   records for Plaintiff and the other aggrieved employees in accordance with California law,

12   but, in fact, did not keep complete and accurate payroll records.

13       38.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

14   knew or should have known that Plaintiff and the other aggrieved employees were entitled to

15   reimbursement for necessary business-related expenses and costs.

16       39.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

17   knew or should have known that they had a duty to compensate Plaintiff and the other

18   aggrieved employees pursuant to California law, and that Defendants had the financial ability

19   to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and

20   falsely represented to Plaintiff and the other aggrieved employees that they were properly

21   denied wages, all in order to increase Defendants' profits.

22       40.    At all material times set forth herein, Defendants failed to pay overtime wages

23   to Plaintiff and the other aggrieved employees. Plaintiff and the other aggrieved employees

24   were required to work more than eight (8) hours per day and/or forty (40) hours per week

25   without overtime compensation.

26       41.    At all material times set forth herein, Defendants failed to provide

27   uninterrupted meal and rest periods to Plaintiff and the other aggrieved employees.

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7

42.    At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees at least minimum wages for all hours worked.

43.    At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees all wages owed to them upon discharge or resignation.

44.    At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees' wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

45.    At all material times set forth herein, Defendants failed to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees.

46.    At all material times set forth herein, Defendants failed to keep complete and accurate payroll records for Plaintiff and the other aggrieved employees.

47.    At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs.

48.    At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other aggrieved employees pursuant to California law in order to increase Defendants' profits.

49.    California Labor Code section 218 states that noting in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### Violation of California Labor Code § 2698, et seq.

### (Against FIRST STUDENT MANAGEMENT, LLC, FIRST STUDENT, INC., and DOES 1 through 100)

50.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49, and each and every part thereof with the same force and effect as though fully set forth herein.

51.    PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   departments, divisions, commissions, boards, agencies or employees for a violation of the

2   California Labor Code, may be recovered through a civil action brought by an aggrieved

3   employee on behalf of himself or herself, and other current or former employees.

4       52.     Whenever the LWDA, or any of its departments, divisions, commissions,

5   boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil

6   action is authorized to exercise the same discretion, subject to the same limitations and

7   conditions, to assess a civil penalty.

8       53.     Plaintiff and the other hourly-paid or non-exempt employees are "aggrieved

9   employees" as defined by California Labor Code section 2699(c) in that they are all current

10  or former employees of Defendants, and one or more of the alleged violations was committed

11  against them.

**Failure to Pay Overtime**

12

13      54.     Defendants' failure to pay legally required overtime wages to Plaintiff and the

14  other aggrieved employees is in violation of the Wage Orders and constitutes a violation of

15  California Labor Code sections 510 and 1198.

**Failure to Provide Meal Periods**

16

17      55.     Defendants' failure to provide legally required meal periods to Plaintiff and

18  the other aggrieved employees is in violation of the Wage Orders and constitutes a violation

19  of California Labor Code sections 226.7 and 512(a).

**Failure to Provide Rest Periods**

20

21      56.     Defendants' failure to provide legally required rest periods to Plaintiff and the

22  other aggrieved employees is in violation of the Wage Orders and constitutes a violation of

23  California Labor Code section 226.7.

**Failure to Pay Minimum Wages**

24

25      57.     Defendants' failure to pay legally required minimum wages to Plaintiff and

26  the other aggrieved employees is in violation of the Wage Orders and constitutes a violation

27  of California Labor Code sections 1194, 1197 and 1197.1.

28  ///

9

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**Failure to Timely Pay Wages Upon Termination**

58.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes a violation of California Labor Code sections 201 and 202.

**Failure to Timely Pay Wages During Employment**

59.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes a violation of California Labor Code section 204.

**Failure to Provide Complete and Accurate Wage Statements**

60.    Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes a violation of California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

61.    Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes a violation of California Labor Code section 1174(d).

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

62.    Defendants' failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes a violation of California Labor Code sections 2800 and 2802.

63.    Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all penalties pursuant to PAGA against Defendants, and each of them, including but not limited to:

a.    Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

10

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    the initial violation, and two hundred dollars ($200) for each aggrieved

2    employee per pay period for each subsequent violation;

3        b.    Penalties under California Code of Regulations Title 8 section 11010 et

4              seq. in the amount of fifty dollars ($50) for each aggrieved employee per

5              pay period for the initial violation, and one hundred dollars ($100) for

6              each aggrieved employee per pay period for each subsequent violation;

7        c.    Penalties under California Labor Code section 210 in addition to, and

8              entirely independent and apart from, any other penalty provided in the

9              California Labor Code in the amount of a hundred dollars ($100) for

10             each aggrieved employee per pay period for the initial violation, and two

11             hundred dollars ($200) for each aggrieved employee per pay period for

12             each subsequent violation; and

13       d.    Any and all additional penalties and sums as provided by the California

14             Labor Code and/or other statutes.

15       64.   Pursuant to California Labor Code section 2699(i), civil penalties recovered

16   by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the

17   Labor and Workforce Development Agency for the enforcement of labor laws and education

18   of employers and employees about their rights and responsibilities and twenty-five percent

19   (25%) to the aggrieved employees.

20       65.   Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and

21   costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other

22   applicable statute.

## **DEMAND FOR JURY TRIAL**

24       Plaintiff, individually, and on behalf of other aggrieved employees pursuant to the

25   California Private Attorneys General Act, requests a trial by jury.

26   ///

27   ///

28   ///

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other aggrieved employees pursuant to the Private Attorneys General Act, prays for relief and judgment against Defendants, jointly and severally, in excess of twenty-five thousand dollars ($25,000):

### As to the First Cause of Action

1.      For civil penalties pursuant to California Labor Code sections 2699(a), (f), (g) and 558, costs/expenses, and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802; and

2.      For such other and further relief as the Court may deem equitable and appropriate.

DATED: October 17, 2022

LAWYERS *for* JUSTICE, PC

By: _____
Edwin Aiwazian
*Attorneys for* Plaintiff

12

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL